The TRAVELERS INSURANCE COMPANY and Dan Ray
*v.* Honorable Kim M. SMITH and Anna F. Smith

97-415                                                    947 S.W.2d 382

Supreme Court of Arkansas
Opinion delivered July 7, 1997

*Davis, Cox & Wright PLC*, by: *Don A. Taylor* and *David L. McCune*, for petitioners.

*Jeff Slaton*, for respondents.

ROBERT L. BROWN, Justice. This is a petition for a writ of prohibition filed by petitioners The Travelers Insurance Company, the workers' compensation insurance carrier for Gerald Johnson Trucking Company, and Dan Ray, who is employed by Travelers as a claims adjuster. The respondents are circuit judge Kim M.

Smith and the claimant's widow, Anna F. Smith.[1] We deny the petition.

On September 30, 1996, respondent Anna F. Smith filed an amended complaint against Travelers Insurance and Dan Ray seeking damages for misrepresentation and the tort of outrage. Anna Smith alleged that her husband, Alva Smith, was killed in a one-vehicle trucking accident in Washington County in the course of his employment with Gerald Johnson Trucking Company. After Alva Smith's death, Anna Smith authorized Charles Farmer, Jr., a representative of the Sisco Funeral Chapel, to arrange her husband's funeral and handle matters with Travelers Insurance.

The complaint alleged that although the Washington County Coroner and the Arkansas State Police had determined that the cause of Alva Smith's death was massive head trauma, Dan Ray represented to Farmer that no workers' compensation benefits would be paid until an autopsy had been performed. It was further alleged that Ray stated to Farmer that Travelers Insurance first had to determine whether the true cause of Alva Smith's death was a heart attack or other pre-existing condition. Ray, according to the allegations, never took steps to have the autopsy performed and failed to authorize the embalming of Alva Smith's body. Anna Smith claimed that Ray made the following misrepresentations to her: (1) that an autopsy was required; (2) that if Alva Smith had suffered from a heart attack or other pre-existing condition immediately prior to the accident, his death would not be compensable; and (3) that he (Ray) was making efforts to obtain an autopsy. Anna Smith alleged that the misrepresentations were made for the purpose of inducing her to refrain from embalming her husband's body and proceeding with the funeral. As a result, Anna Smith incurred refrigeration costs, and, due to the delay in embalming, was unable to have an open-casket funeral. She claims that she experienced severe and extreme mental anguish,

---

[1] The proper party as respondent to a petition for writ of prohibition is the circuit court and not the individual judge or the claimant's representative. *See Ford v. Wilson*, 327 Ark. 243, 939 S.W.2d 258 (1997).

which Ray knew would naturally and probably result from his conduct.

Travelers Insurance and Ray answered and asserted affirmatively that Anna Smith's claim was barred by the exclusive-remedy provision of the Workers' Compensation Act or, alternatively, by the fact that she accepted workers' compensation benefits paid by Travelers Insurance on behalf of Gerald Johnson Trucking Company and, thus, had elected her remedy. The petitioners next filed a "Motion to Dismiss and for Summary Judgment," claiming again that Anna Smith's exclusive remedy lay under the Workers' Compensation Act and that she had elected her remedy by accepting death benefits in the amount of $32,910.

The trial court denied the motion to dismiss and for summary judgment. In a letter opinion, the trial court reasoned that Anna Smith was not seeking damages on the account of the death of her husband and that the injuries she allegedly suffered did not arise from Alva Smith's employment. The court further noted that the Workers' Compensation Act did not provide a remedy for her alleged wrong and that her action was therefore not barred by the exclusive-remedy provision. The court also denied summary judgment and, in doing so, ruled that genuine issues of material fact existed as to the claims of misrepresentation and outrage. Travelers Insurance and Ray filed a "Motion for Additional Findings and for Reconsideration," which was dismissed by the trial court. This petition for writ of prohibition followed.

## I. Exclusive Remedy

Petitioners' first ground in support of prohibition is that Anna Smith's lawsuit is at odds with the exclusive-remedy provision of the Workers' Compensation Act. See Ark. Code Ann. § 11-9-105(a) (Repl. 1996).

We begin by addressing our standard of review. A writ of prohibition is an extraordinary writ that is appropriate only when the lower court is wholly without jurisdiction. Nucor Holding Corp. v. Rinkines, 326 Ark. 217, 931 S.W.2d 426 (1996); West Memphis Sch. Dist. No. 4 v. Circuit Court, 316 Ark. 290, 871 S.W.2d 368 (1994). When considering the propriety of issuing

the writ, this court's review of jurisdiction is limited to the pleadings. *Western Waste Indus. v. Purifoy*, 326 Ark. 256, 930 S.W.2d 348 (1996); *Nucor Holding Corp. v. Rinkines, supra.* Where the encroachment on workers' compensation jurisdiction is clear, a writ of prohibition is warranted. *Western Waste Indus. v. Purifoy, supra; Nucor Holding Corp. v. Rinkines, supra.*

In asserting that the circuit court is wholly without jurisdiction to hear Anna Smith's claim, Travelers Insurance and Ray rely primarily on three cases — *Johnson v. Houston General Ins. Co.*, 259 Ark. 724, 536 S.W.2d 121 (1976); *Cain v. National Union Life Ins. Co.*, 290 Ark. 240, 718 S.W.2d 444 (1986); and *Liberty Mut. Ins. Co. v. Coleman*, 313 Ark. 212, 852 S.W.2d 816 (1993). In *Johnson v. Houston General Ins. Co., supra*, the claimant suffered a compensable injury and was awarded benefits to be paid in one lump sum. When the payment was not forthcoming, the claimant filed a complaint against his employer's workers' compensation insurance carrier and alleged that payment was being withheld for harassment purposes, which resulted in substantial mental anguish. We affirmed a dismissal of the complaint on grounds of exclusivity of the workers' compensation remedy. We noted that, in addition to having the remedy of a 20% penalty and interest for late payment, the claimant could have petitioned the Commission to require his employer to post a bond as security for the award. We also noted that the claimant had the option of filing a certified copy of the award with the circuit clerk and enforcing the judgment. In other words, the claimant had remedies under the Act.

The holding in *Johnson* was subsequently applied in *Cain v. National Union Life Ins. Co., supra.* In *Cain*, the claimant filed a complaint against the workers' compensation insurance carrier and pled that the insurer stipulated that it was liable for all medical expenses but then failed to make payment. The claimant claimed that this failure caused him emotional distress. The trial court dismissed the complaint, and this court affirmed the dismissal, citing *Johnson v. Houston General Ins. Co., supra.*

Our holdings in *Cain* and *Johnson* were the foundation for this court's opinion in *Liberty Mut. Ins. Co. v. Coleman, supra.* In *Coleman*, claimant suffered an injury to his right hand and arm for

which his employer's workers' compensation carrier partially acknowledged coverage and paid some benefits. The claimant then sought therapy from a pain clinic based on an orthopedic surgeon's recommendation that therapy was necessary if the claimant hoped to regain the use of his hand and arm. The doctor's recommendation was initially denied by the carrier but later accepted. The claimant's right arm had to be amputated below the elbow, and the claimant filed an action against the carrier, alleging that its intentional refusal to authorize the treatment and to pay his medical expenses constituted bad faith and outrage and resulted in the amputation of his arm. The carrier unsuccessfully moved for dismissal on grounds of exclusivity in the trial court.

The carrier next petitioned this court for a writ of prohibition, which was granted. We held that the result was controlled by our holdings in the *Johnson* and *Cain* decisions. We reasoned that the claimant's tort action arose from the nonpayment of benefits because it was clear that the decision not to authorize treatment at the pain clinic initially was based on financial considerations. Therefore, claimant was limited to remedies provided by the Workers' Compensation Act. Specifically, we determined that the claimant should have petitioned the Commission and presented proof that the pain-clinic expenses were reasonable and necessary given the extent of his injury.

Travelers Insurance and Ray now contend that Anna Smith's tort action falls directly within the holding of *Liberty Mut. Ins. Co. v. Coleman, supra,* because she is asserting the intentional torts of outrage and misrepresentation arising out of the nonpayment of benefits. They claim that, as in *Coleman,* Ray's conduct occurred while in the course of determining whether Alva Smith's injury was compensable and whether certain benefits should be paid and that respondent should be limited to the statutory penalties provided in Ark. Code Ann. § 11-9-802 (Repl. 1996). Petitioners also assert that public policy favors a holding of exclusivity because the alternative is that many claimants could subvert remedies under the Workers' Compensation Act in favor of tort actions simply by alleging outrageous conduct in connection with the nonpayment of benefits.

We agree with the respondents, however, that the *Johnson, Cain,* and *Coleman* decisions are inapposite to the instant case for two reasons: (1) this case does not involve an improper delay in payment of benefits; and (2) the Workers' Compensation Act does not provide a remedy for the claim of Anna Smith. As to the first point, Anna Smith properly argues that her claim did not arise from the failure to pay benefits promptly. Indeed, her complaint does not reference the issue of failure to pay benefits. Furthermore, the validity of the *Johnson, Cain,* and *Coleman* decisions clearly rests on the premise that the claimants were provided with an exclusive remedy under the Workers' Compensation Act which they sought either to forego or to supplement with their tort actions.

In the instant case, we cannot construe Anna Smith's claims of misrepresentation and extreme mental anguish to be an aggravation of an initial, compensable injury suffered by her husband. Furthermore, the Workers' Compensation Act does not provide a remedy for Anna Smith's alleged injury. The Act defines "compensable injury" as follows:

> (i) An accidental injury *causing internal or external physical harm* to the body . . .;
>
> (ii) An injury *causing internal or external physical harm* to the body and arising out of and in the course of employment . . .:
>
> . . . .
>
> (iii) *Mental illness as set out in § 11-9-113* . . . .

Ark. Code Ann. 11-9-102(5)(A) (Repl. 1996) (emphasis added). In turn, Ark. Code Ann. § 11-9-113(a)(1) (Repl. 1996), provides that a mental injury or illness is not a compensable injury unless it is caused by physical injury to the employee's body. Clearly, these statutes set out a requirement that a physical injury precede and cause the mental injury in order for the mental injury to be compensable under the Workers' Compensation Act. *See generally* John D. Copeland, *The New Arkansas Workers' Compensation Act: Did the Pendulum Swing Too Far?*, 47 ARK. L. REV. 1, 16–19 (1994). We conclude that under the Workers' Compensation Act, there is no remedy for Anna Smith's extreme mental anguish.

The question then becomes whether the lack of a remedy answers the jurisdictional question. Professor Larson has this to say about the issue:

> If . . . the exclusiveness defense is a "part of the quid pro quo by which the sacrifices and gains of employees and employers are to some extent put in balance," it ought logically to follow that the employer should be spared damage liability only when compensation liability has actually been provided in its place, or, to state the matter from the employee's point of view, rights of action for damages should not be deemed taken away except when something of value has been put in their place.

6 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 65.40, at 12-55 (1997) (footnotes omitted). *See also Lowman v. Piedmont Exec. Shirt Mfg. Co.*, 547 So.2d 90, 93 (Ala. 1989)("[A]n employer is protected from tort liability only as to injuries expressly covered by the language of the [Workers' Compensation] Act."); *Scott v. Wolf Creek Nuclear Operating Corp.*, 928 P.2d 109 (Kan. App. 1996)(exclusivity applies only when a plaintiff's claim is compensable under the Kansas Workers' Compensation Act); *S.B. Foot Tanning Co. v. Piotrowski*, 554 N.W.2d 413, 419 (Minn. App. 1996)("[W]here an employee's injuries are within the workers' compensation statute, the rights and remedies afforded the employee, employer, and others who may have any right of action on account of the employee's injury are governed exclusively by the workers' compensation statute to the exclusion of all other remedies."); *Stratemeyer v. Lincoln County*, 915 P.2d 175 (Mont. 1996)(allowing a tort action for emotional-distress injuries because such injuries did not fall within the scope of the Montana Workers' Compensation Act); *Errand v. Cascade Steel Rolling Mills, Inc.*, 888 P.2d 544, 548 (Or. 1995)("By providing for an employer's freedom from 'other' liability, it may be inferred from the exclusivity provision that there must exist, as a predicate for that freedom, some actual liability under the Workers' Compensation Law before the exclusivity provision may protect the employer from 'all other liability.'").

Permitting Anna Smith's claims for misrepresentation and outrage in circuit court is entirely consistent with Professor

Larson's theory on the allowance of claims for the intentional infliction of emotional distress:

> If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is for recovery for physical injury or death, . . . the action should be barred even if it can be cast in the form of a normally non-physical tort.

6 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 68.34(a), at 13-180 to 13-190 (1997) (footnote omitted). Because Anna Smith's action is one manifestly premised on a nonphysical injury, and because her injury is not compensable and beyond the scope of coverage of the Workers' Compensation Act, we hold that it is not barred by the exclusive-remedy provision of the Act.

## II. Election of Remedies

■ Travelers Insurance and Ray next urge that the writ should be granted since Anna Smith received workers' compensation benefits and, therefore, elected her remedy. This court has described the election-of-remedies doctrine as follows:

> [T]he general rule as to election of remedies is that, where a party has a right to choose one of two or more appropriate but inconsistent remedies, and with full knowledge of all the facts and of his rights makes a deliberate choice of one, then he is bound by his election and cannot resort to the other remedy.

*Lively v. Libbey Memorial Physical Medical Ctr.*, 317 Ark. 5, 9, 875 S.W.2d 507, 509 (1994), *citing Gentry v. Jett*, 235 Ark. 20, 365 S.W.2d 736 (1962). In the context of this case, an election of remedies would bar the instant litigation if it is shown that Anna Smith either received or could have received compensation for her injury under the Workers' Compensation Act. *Lively v. Libbey Memorial Physical Medical Ctr., supra; Riverside Furniture Co. v. Rodgers*, 295 Ark. 452, 749 S.W.2d 664 (1988).

■ Because Anna Smith had no remedy under the Workers' Compensation Act, her claim cannot be thwarted for elec-

tion-of-remedy reasons. We deem this ground for granting the writ to be without merit.

Writ denied.