AUTOMATED CONVEYOR SYSTEMS  *v.*
Honorable Victor HILL, Judge, and Calvin Dooley

04-1256                                              208 S.W.3d 136

Supreme Court of Arkansas
Opinion delivered May 5, 2005

[Rehearing denied June 9, 2005.*]

---

* IMBER, J., concurs. DICKEY, J., would grant rehearing.

*Roberts Law Firm, P.A.*, by: *John D. Webster, Michael L. Roberts*, and *Caroline L. Curry*, for appellant.

*Joe E. Rogers*, for appellee.

BETTY C. DICKEY, Justice. This is a petition for a writ of prohibition filed by Automated Conveyor Systems (Automated Conveyor) and stemming from a denial of a motion to dismiss by the circuit court. Accordingly, jurisdiction is proper pursuant to Supreme Court Rule 1-2(a)(3).

Calvin Dooley sustained a gradual onset neck injury while employed by Automated Conveyor. Dooley filed a claim with the Arkansas Workers' Compensation Commission, arguing that he was entitled to compensation under the Workers' Compensation Act (WCA) because his injury was sustained while manually performing heavy lifting during his employment. The Administrative Law Judge found that Dooley's injury was not compensable because the WCA covers only those gradual onset neck injuries that are caused by rapid and repetitive motion, and although Dooley had proven that his duties were repetitive, he failed to present evidence of the rapidity of his duties. Dooley then filed a negligence claim against his employer in the Crittenden County Circuit Court. After the trial court failed to grant its motion to dismiss, Automated Conveyor filed with this court a petition for writ of prohibition, asserting that the Crittenden County Circuit Court is wholly without jurisdiction to hear Dooley's claim. According to Automated Conveyor, the trial court lacked jurisdiction because the Workers' Compensation Commission alone has jurisdiction over a claim that an employee has been injured in the course of employment.

Each of Automated Conveyor's four points in support of a writ of prohibition hinges on its assertion that the Workers' Compensation Act is the sole and exclusive remedy for injury or death arising out of, or in the course of, employment. Automated Conveyor argues: (1) the WCA remains the exclusive remedy for all non-intentional injuries arising out of the course and scope of employment; (2) strict construction of the WCA does not affect its status as the sole remedy for injuries occurring in the course and scope of employment; (3) the definition of "accidental" in Ark. Code Ann. 11-9-102(4)(A) does not exclude the injury in the present case from the WCA; and, (4) the injury in this case may not be brought in negligence because it arose during the course of

employment, and the WCA is the sole and exclusive remedy for such claims. Because we hold that a circuit court has jurisdiction to hear claims for injuries that are not covered by the WCA, the petition is denied.

In *The Travelers Insurance Company v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997), this court addressed the standard of review for a writ of prohibition:

> A writ of prohibition is an extraordinary writ that is appropriate only when the lower court is wholly without jurisdiction. When considering the propriety of issuing the writ, this court's review of jurisdiction is limited to the pleadings. Where the encroachment on workers' compensation jurisdiction is clear, a writ of prohibition is warranted. (Citations omitted.)

Automated Conveyor first argues that Dooley may not bring an action in tort against his employer because his injury occurred in the course of his employment and the WCA is the sole and exclusive remedy for such claims. It asserts that in *Gourley v. Crossett Pub. Schs.*, 333 Ark. 178, 968 S.W.2d 56 (1998), our court held that an employer that has secured to its employees the benefits of workers' compensation insurance cannot be sued in tort by its employees for injuries or death arising out of their employment. That was not the holding in *Gourley*. In *Gourley*, we stated that "Ms. Gourley's claim for the intentional tort is barred by the doctrine of election of remedies *because she has previously pursued workers' compensation benefits to recovery for the same injuries.*" Id. at 181. (Emphasis added.) Our court did not hold that, as in this case, an employee who has been denied recovery under the WCA because his injury was not covered by the Act may not subsequently file a tort claim against his employer. This result is reinforced by the holding in *The Travelers Insurance Company v. Smith*, in which this court said:

> [A]n election of remedies would bar the instant litigation if it is shown that Anna Smith either received or could have received compensation for her injury under the Workers' Compensation Act. (Citations omitted). Because Anna Smith had no remedy under the Workers' Compensation Act, her claim cannot be thwarted for election-of-remedy reasons.

*Id.* at 344–45.

Automated Conveyor also cites *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 970 S.W.2d 810 (1998), in support of its

assertion that only the Workers' Compensation Commission has jurisdiction to hear claims brought by an employee whose injury occurred during the course of employment. *VanWagoner*, however, did not hold that the trial court lacked subject-matter jurisdiction over the claim, but that the Workers' Compensation Commission had exclusive jurisdiction to determine jurisdiction, that is, "to decide whether an employee's injuries are covered by the Workers' Compensation Act." *Id.* at 14. In this case, Dooley first filed his claim with the Workers' Compensation Commission, which determined that his injury was not covered under the Act. Neither *VanWagoner* nor *Gourley* bars him from filing a suit in tort after it is determined that his claim is not covered under the WCA.

■ Contrary to Automated Conveyor's assertion, nothing in our case law suggests that a worker whose injury is not covered by the WCA has no remedy at law. In *Travelers*, our court found persuasive Professor Larson's analysis of that issue:

> If . . . the exclusiveness defense is a "part of the quid pro quo by which the sacrifices and gains of employees and employers are to some extent put in balance," it ought logically to follow that the employer should be spared damage liability only when compensation liability has actually been provided in its place, or, to state the matter from the employee's point of view, rights of action for damages should not be deemed taken away except when something of value has been put in their place.

6 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 65.40 at 12-55 (1997) (footnotes omitted). In the same case, we cited with approval *Lowman v. Piedmont Exec. Shirt Mfg. Co.*, 547 So. 2d 90, 93 (Ala.1989), for the proposition that "an employer is protected from tort liability only as to injuries expressly covered by the language of the [Workers' Compensation] Act." In addition, Article 2, section 13 of the Arkansas Constitution states, "Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character. . . ." It is clear from our case law and our constitution that a worker whose injury is not covered by the WCA is not precluded from filing a claim in tort against his employer.

■ For its second point on appeal, Automated Conveyor asserts that strict construction of the WCA confirms that it is the sole remedy for workers whose injuries arise from or occur during the course of employment. Ark. Code Ann. § 11-9-105(a) pro-

vides that "the rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee . . . to recover damages from the employer." Ark. Code Ann. § 11-9-101, however, states that the purpose of the Workers' Compensation Act is to provide benefits to workers who suffer injuries in the scope and course of their employment. An interpretation of the WCA that would disallow any right of recovery for injuries that are not expressly covered by the Act is not in line with its stated purpose and, in addition, would contravene Article 2, section 13 of the Arkansas Constitution.

■ The third point on appeal responds to this court's request that the parties address whether the definition of "accidental" under the WCA excludes Dooley's injury from the Act. Because the issue in this case was whether Dooley's injury qualified as a compensable, gradual onset neck injury, and not whether it was an accidental injury, both parties base their arguments on the definition of a gradual onset injury. The Workers' Compensation Commission has exclusive jurisdiction to determine whether an injury is covered by the Act. *VanWagoner, supra*; *Merez v. Squire Court Limited Partnership*, 353 Ark. 174, 114 S.W.3d 184 (2003). In this case, the Commission properly addressed the issue and decided that Dooley's neck injury was not covered.

■ Automated Conveyor's fourth and final argument is that Dooley may not bring this action in negligence because the Workers' Compensation Commission provides the sole and exclusive remedy for injuries arising from or during the course of employment. This argument is essentially a restatement of the first point on appeal. As stated above, nothing in the WCA, our case law, or our constitution suggests that a worker whose injury is not covered by the Act has no remedy at law. If the Commission determines that the injury is not covered by the Act, then the circuit court has jurisdiction to hear the claim. The writ of prohibition in this case is not warranted.

Petition for writ of prohibition denied.