COURTNEY HUDSON GOODSON, Associate Justice | Appellant Brenda Hendrix, individually, and as the Special Administratrix of the Estate of Guy D. Hendrix, Deceased (the “estate”), appeals the amended judgment entered by the Saline County Circuit Court granting the motion to dismiss filed by appellee Alcoa, Inc.[1] For reversal, the estate contends that the exclusive-remedy provision of the Arkansas Workers’ Compensation Act (the “Act”) does not bar a common-law tort action against the decedent’s employer because the Act provides no remedy for the disease that caused the decedent’s death. We accepted certification of this case from the Arkansas Court of Appeals in accordance with Arkansas Supreme Court Rule l-2(d), on the basis that the appeal presents an issue of first impression concerning a matter of substantial public interest and ^significant question of law concerning the interpretation of an act of the General Assembly. See Ark. Sup. Ct. R. 1—2(b)(1), (4) & (6). In keeping with legislative intent, we must affirm the circuit court’s decision. The facts of this case are not disputed. The decedent, Guy D. Hendrix, worked for Alcoa from 1966 until his retirement in the fall of 1995. In June 2012, he received a diagnosis of mesothelioma, an asbestos-related cancer. In September 2012, Hendrix filed a claim against Alcoa for workers’ compensation benefits, alleging that he was exposed to asbestos during the course of his employment. On November 7, 2012, an administrative law judge found that the claim was barred under the provisions of Arkansas Code Annotated section 11—9— 702(a)(2) (Repl. 2012). This subsection of the statute provides in relevant part that (A) A claim for compensation for disability on account of injury which is either an occupational disease or occupational infection shall be barred unless filed with the commission within two (2) years from the date of the last injurious exposure to the hazards of the disease or infection. (B) However, a claim for disability on account of silicosis or asbestosis must be filed with the commission within one (1) year after the time of disablement, and the disablement must occur within three (3) years from the date of the last injurious exposure to the hazard of silicosis or asbestosis. The law judge concluded that Hendrix’s claim was time-barred because it was not filed within three years of the last date of the injurious exposure. Hendrix did not appeal the law judge’s decision to the full commission. Hendrix died in November 2013. In April 2014, the estate initiated this wrongful-death and survival action against Alcoa. Alcoa subsequently filed a motion to dismiss the estate’s amended complaint against it, asserting that the circuit court lacked jurisdiction [^because the claims fell within the exclusive-remedy provision of the Act. After a hearing, the circuit court entered an order dismissing the claims against Alcoa with prejudice. This appeal followed.[2] For reversal, the estate contends that the circuit court erred in dismissing its complaint against Alcoa. It asserts that a circuit court has jurisdiction to entertain a civil action against an employer when the employee has no remedy under the Act. More specifically, the estate maintains that Hendrix’s opportunity to obtain workers’ compensation benefits ceased before his claim accrued and that the Act provided no remedy for Hendrix’s occupational disease because the disease manifested after the limitations period had expired. This case requires us to construe the exclusive-remedy provision of the Act in conjunction with section 11-9-702(a)(2)(B). The basic rule of statutory construction is to give effect to the intent of the General Assembly. Gerber Prods. Co. v. Hewitt, 2016 Ark. 222, 492 S.W.3d 856. Statutes relating to the same subject must be construed together and in harmony, if possible. Hammerhead Contracting & Dev., LLC v. Ladd, 2016 Ark. 162, 489 S.W.3d 654. It is axiomatic that this court strives to reconcile statutory provisions to make 4them consistent, harmonious, and sensible. Brock v. Townsell, 2009 Ark. 224, 309 S.W.3d 179. When interpreting the workers’ compensation statutes, we must strictly construe them. Ark. Code Ann. § 11—9—704(c)(3); Miller v. Enders, 2013 Ark. 23, 425 S.W.3d 723. “The doctrine of strict construction requires this court to use the plain meaning of the language employed.” Stewart v. Ark. Glass Container, 2010 Ark. 198, at 6, 366 S.W.3d 358, 361-62. Strict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed. Lambert v. LQ Mgmt., LLC, 2013 Ark. App. 114, 426 S.W.3d 437. The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. Worsham v. Bassett, 2016 Ark. 146, 489 S.W.3d 162. We are not bound by the circuit court’s decision; however, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct. McLemore v. Weiss, 2013 Ark. 161, 427 S.W.3d 56. The exclusive-remedy provision of the Act is found at Arkansas Code Annotated section ll-9-105(a), which states in part that (a) The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer[.] We have said that this provision clearly indicates that any claim for injury or death against an employer may only be brought under the Act, thus eliminating an employer’s tort liability. Elam v. Hartford Fire Ins. Co., 344 Ark. 555, 42 S.W.3d 443 (2001). The reason for such exclusivity is found in the general purpose behind our workers’ compensation laws, which was to change the common law by shifting the burden of all work-related injuries from individual employers and employees to the consuming public, with the concept of fault being virtually immaterial. Craven v. Fulton Sanitation Serv., Inc., 361 Ark. 390, 206 S.W.3d 842 (2005). With the passage of such statutes, employers gave up the common-law defenses of contributory negligence, fellow servant, and assumption of the risk; likewise, employees gave up the chance to recover unlimited damages in tort actions in return for certain recovery in all work-related cases. Brown v. Finney, 326 Ark. 691, 932 S.W.2d 769 (1996). Because the exclusive-benefits provision of our compensation law favors both the employer and the employee, we have taken a narrow view of any attempt to seek damages beyond that favored, exclusive remedy. Honeysuckle v. Curtis H. Stout, Inc., 2010 Ark. 328, 368 S.W.3d 64. However, we have made exceptions where it is plain that the Act does not provide a remedy for the claim. For instance, in Travelers Insurance Co. v. Smith, 329 Ark. 336, 947 S.W.2d 382 (1997), the widow of an employee killed in a work-related accident sued the employer’s compensation carrier in the circuit court for the emotional distress caused by its mishandling of her late husband’s remains. The carrier sought a writ of prohibition in this court contending that the lawsuit was barred by the exclusive-remedy doctrine. We denied the writ and allowed the case to go forward in the circuit court, framing the issue as “whether the lack of a remedy answers the jurisdictional question.” Travelers, 329 Ark. at 343, 947 S.W.2d at 385. We held that the cause of action was premised on a nonphysical injury, which is not covered under the Act, and because the injury was beyond the scope of coverage under the Act, it was not barred by the exclusive-remedy provision. 6Next, in Davis v. Dillmeier Enterprises, Inc., 330 Ark. 545, 956 S.W.2d 155 (1997), the employee suffered a compensa-ble injury for which benefits were paid. Once she received a release from treatment, she reported for work but was promptly fired. The employee then filed suit in the circuit court asserting a cause of action for discrimination based on physical disability under the Arkansas Civil Rights Act. Citing Travelers, supra, we observed that “in determining whether an action involving a work-related injury may be filed in circuit court, an important consideration is whether the Workers’ Compensation Act provides a remedy to the plaintiff.” Davis, 330 Ark. at 554, 956 S.W.2d at 159. We concluded that the Act did not provide a remedy for an employee who is terminated from his or her job on the basis of a disability. Consequently, we held that the exclusive-remedy provision did not preclude the employee from bringing a civil-rights action in the circuit court grounded on the employer’s alleged discrimination in terminating the employee based on her permanent restrictions and impairment. We reached a similar result in Automated Conveyor Systems, Inc. v. Hill, 362 Ark. 215, 208 S.W.3d 136 (2005). There, the employee suffered a gradual-onset injury caused by heavy lifting. He presented a claim for workers’ compensation that was denied because the Act covered only gradual-onset injuries caused by rapid and repetitive motion. The employee then sued his employer in the circuit court. When the circuit court denied the employer’s motion to dismiss based on the exclusive-remedy provision, the employer filed a petition for writ of prohibition in this court. We held that the exclusive-remedy provision did not bar the employee’s cause of action because the injury did not meet the definition of a compensable injury and thus the employee did not have a remedy under the Act. |7We agree with the estate that the common thread running through these decisions is that an employee may bring suit against his or her employer when there is no remedy available under,the Act. Thus, the question here is whether Hendrix had a remedy pursuant to the Act. In his treatise, Professor Larson draws a distinction “between an injury which does not come within the fundamental coverage provisions of the act, and an injury which is in itself covered but for which, under the facts of the particular case, no compensation is payable.” 9 Lex K. Larson, Larson’s Workers’ Compensation pt. 11, scope (Matthew Bender, Rev. Ed.) (June 2014). Larson further instructs that [t]he compensation remedy is exclusive of all other remedies by the employee or his dependents against the employer and insurance carrier for the same injury, if the injury falls within the coverage formula of the act. If it does not, as in the case where occupational diseases were deemed omitted because not within the concept of accidental injury, the compensation act does not disturb any existing remedy. However, if the injury itself comes within the coverage formula, an action for damages is barred even though the particular element of damage is not compensated for, as in the case of disfigurement in some states, impotency, or pain and suffering. Id. Our decision in Porocel Corp. v. Circuit Court of Saline County, 2013 Ark. 172, 2013 WL 1776648, reflects these principles. In that case, the employee submitted a workers’ compensation claim alleging exposure to asbestos and silica dust that resulted in lung disease and silicosis. An administrative law judge issued an opinion denying the claim under section 11-9-702(a)(2)(B). The law judge found that although his disablement had occurred within three years of the last injurious exposure, the claim was barred because it was not filed within one year from the date of the disablement. The employee subsequently sued his employer in the circuit court, and the employer came before this court seeking a writ of prohibition after | «the circuit court denied the employer’s motion to dismiss. In support of the circuit court’s ruling, the employee argued that the running of the statute of limitations caused him to have no remedy against his employer under the Act, which rendered his disease to be one that was not covered under the Act. This court disagreed, holding that the employee had a covered injury and thus a remedy under the Act, but he failed to avail himself of the remedy when he did not file his claim within the one-year limitation period, as required by section ll-9-702(a)(2)(B). In Porocel, we left open the question that confronts us in the present case, which is whether the Act provides a remedy for an asbestos-related claim if the time of disablement does not occur within three years of the last injurious exposure, Porocel, 2013 Ark. 172, at 6, n. 1. As we noted in that case, section ll-7-702(a)(2)(B) contains two requirements for the recovery of workers’ compensation benefits: (1) the employee’s time of disablement must have occurred within three years from the date of the last injurious exposure, and (2) the claim for compensation had to be filed within one year after the time of disablement. Because an employer’s liability under the statute is measured from the date of the employee’s last injurious exposure, the statute is accurately described as a “statute of repose” rather than a “statute of limitations.” See Rogers v. Mallory, 328 Ark. 116, 120, 941 S.W.2d 421, 423 (1997). This court has recognized that the effect of such a statute “is to cut off entirely an injured person’s right of action before it accrues, when that action does not arise until after the statutory period has elapsed.” Curry v. Thornsberry, 354 Ark. 631, 638, 128 S.W.3d 438, 441 (2003); see also Okla Homer Smith Furniture Mfg. Co. v. Larson & Wear, Inc., 278 Ark. 467, 646 S.W.2d 696 (1983). A statute of repose is a statute of duration and provides a date upon which the action no longer exists, whether it has accrued by that date or not. Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co., 353 Ark. 201, 114 S.W.3d 189 (2003). As we observed in Ray & Sons, A statute of repose creates a substantive right in those protected to be free from liability after a legislatively determined period of time. Id. Statutes of limitations are motivated by considerations of fairness to defendants and are intended to encourage prompt resolution of disputes by providing a simple procedural mechanism to dispose of stale claims. Harig v. Johns-Manville Products Corp., 284 Md. 70, 75, 394 A.2d 299 (1978). Statutes of repose are based on considerations of the economic best interests of the public as a whole and are substantive grants of immunity based on a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists. Whiting-Turner [Contracting Co. v. Coupard], 304 Md. [340,]at 349-50, 499 A.2d 178 [ (1985) ]. Id. at 218, 114 S.W.3d at 200 (quoting First United Methodist Church of Hyattsville v. U.S. Gypsum Co., 882 F.2d 862, 866 (4th Cir. 1989)). The United States Supreme Court has described a repose provision as a “cut off’ and an absolute bar on a defendant’s temporal liability. CTS Corp. v. Waldburger, — U.S. —, 134 S.Ct. 2175, 2183, 189 L.Ed.2d 62 (2014). The Waldburger Court also noted the distinctions between statutes of limitation and statutes of repose and discussed the policy considerations that underlie each of them: Although there is substantial overlap between the policies of the two types of statute, each has a distinct purpose and each is targeted at a different actor. Statutes of limitations require plaintiffs to pursue “diligent prosecution of known claims.” Black’s 1546. Statutes of limitations “promote justice by preventing surprises through [plaintiffs’] revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.” Railroad Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 348-349, 64 S.Ct. 582, 88 L.Ed. 788 (1944). Statutes of repose also encourage plaintiffs to bring actions in a timely manner, and for many of the same reasons. But the rationale has a different emphasis. Statutes of repose effect a legislative judgment that a defendant should “be free from liability after the legislatively determined period of time.” C.J.S. § 7, at 24; see also School Board of Norfolk v. United States Gypsum Co., 234 Va. 32, 37, 360 S.E.2d 325, 328 (1987) (“[Sjtatutes of repose reflect legislative decisions that as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability” (internal quotation marks omitted)). ImLike a discharge in bankruptcy, a statute of repose can be said to provide a fresh start or freedom from liability. Indeed, the Double Jeopardy Clause has been described as “a statute of repose” because it in part embodies the idea that at some point a defendant should be able to put past events behind him. Jones v. Thomas, 491 U.S. 376, 392, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989) (SCALIA, J., dissenting). Id. at 2183. Based on the nature of a statute of repose, the estate asserts that because the statute extinguished Hendrix’s remedy under the Act before it accrued, the exclusive-remedy provision no longer applies and that it is free to pursue its claims in the circuit court. We are constrained to reject this argument. Our case law dictates that an employee may seek relief against an employer in the circuit court only if the Act provides no remedy for the employee’s condition. Applying that logic here, the Act in general covers occupational diseases, and it specifically provides coverage, and thus a remedy, for asbestos-related claims. See Ark. Code Ann. §§ ll-9-601(a) & (g)(1)(B) and ll-9-702(a)(2)(B). Thus, the claim falls within the coverage formula of the Act, even though Hendrix was ultimately denied recovery on the ground that the claim was time-barred under section ll-9-702(a)(2)(B). As Larson instructs, and consistent with our decision in Porocel, supra, the temporal limitation on recovery does not equate to the absence of a remedy under the Act. According to the authorities mentioned above, as a matter of public policy, a statute of repose creates a substantive right in those protected to be free from liability after a legislatively determined period of time. Mindful that we must strictly construe the provisions of the Act, section ll-9-702(a)(2)(B) represents a policy-driven, legislative judgment to shield an employer from such claims that arise three years after the last injurious exposure. Coupled with the exclusive-remedy provision, it could not have been the intent Inof the General Assembly to absolve an employer of liability for worker’s compensation after a period of time only to subject the employer to liability in tort after that period elapses. Any contrary holding would eviscerate the protection afforded by section ll-9-702(a)(2)(B) and defeat the legislative purpose for enacting the statute of repose. Accordingly, we affirm the circuit court’s dismissal of the complaint against Alcoa.[3] In conclusion, the remedy afforded by the Act certainly rings hollow under the facts of this case. The result smacks of unfairness, particularly when it is well known that the disease of mesothelioma has a long latency period. However, our General Assembly has seen fit to create a statute of repose with only a three-year duration. In Porocel, supra, we also recognized that the one-year limitations period operated harshly in that case. However, we observed that any inequity must be addressed by the General Assembly and that this court cannot refuse to give effect to the statute of limitations merely because it seems to operate harshly. “Whether three years, four years or five years—or more or less—is the correct or appropriate period, should not and cannot be the concern of the judiciary.” Carter v. Hartenstein, 248 Ark. 1172, 1176, 455 S.W.2d 918, 921 (1970). We must hold true to legislative intent when interpreting and applying the statutes passed by the legislature. Any criticism of the result we are compelled to reach in this case lies at the feet of the General Assembly. Affirmed; motion to dismiss denied. Special Justice Kirkman T. Dougherty, joins. Danielson, Baker, and Hart, JJ., dissent. . The amended complaint filed by the estate includes claims against Breeding Insulation Co. and Darragh Co. The claims against these entities remain outstanding, and this appeal comes to us with a proper certificate under Rule 54(b) of the Arkansas Rules of Civil Procedure. . During the course of the appeal, Alcoa filed a motion to dismiss. It submits that this court lacks jurisdiction because Hendrix failed to appeal to the commission the law judge's jurisdictional statement, based on the parties’ stipulation, that the "Arkansas Workers' Compensation Commission has jurisdiction of this claim.” In VanWagoner v. Beverly Enterprises, 334 Ark. 12, 970 S.W.2d 810 (1998), we held that the commission has primary and exclusive jurisdiction to decide whether an employee's injuries are covered by the Act. In this instance, and in accordance with VanWagoner and other decisions of this court, Hendrix first presented his claim before the commission. The law judge’s decision became final once it was not appealed. Ark. Code Ann. § 11—9—711(a)(1). We know of no authority, and Alcoa has cited none, that the failure to appeal that final order erects a jurisdictional barrier for proceeding in this court. Therefore, we deny the motion to dismiss. . Our holding is consistent with the decisions of our sister states in Illinois, Iowa, and Kansas. See Folta v. Ferro Eng'g, 397 Ill.Dec. 781, 43 N.E.3d 108 (2015); Ganske v. Spahn & Rose Lumber Co., 580 N.W.2d 812 (Iowa 1998); Tomlinson v. Owens-Corning Fiberglas Corp., 244 Kan. 506, 770 P.2d 833 (1989). Only the Pennsylvania Supreme Court’s decision in Tooey v. AK Steel Corp., 623 Pa. 60, 81 A.3d 851 (2013), stands in contradiction.