Paul E. Danielson, Justice, dissenting. I respectfully dissent. When the Workers’ Compensation Act (“the Act”) does not provide a remedy for a worker's injury or death, the worker’s action is not barred by the exclusive-remedy provision. See Travelers Ins. Co. v. Smith, 329 Ark. 336, 947 S.W.2d 382 (1997). By affirming the circuit court’s dismissal of the estate’s civil action, the majority has deprived the estate of the opportunity to pursue its only remedy. Article 2, section 13 of the Arkansas Constitution states that “[ejvery person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character.” See also Automated Conveyor Sys. v. Hill, 362 Ark. 215, 218, 208 S.W.3d 136, 139 (2005). “The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy.” Ark. Const, art. 2, § 7. Prior to the adoption of amendment 26 in 1938, which created the Workers’ Compensation Act, article 5, section 32 of the Arkansas Constitution provided that “[n]o act of the General Assembly shall limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property.” Ark. Const, art. 5, § 32, amended by Ark. Const, amend. 26. At that time, workers had the right to sue their employers at common law and the right to a trial by jury. A worker was required to prove fault on the part of the employer, and claims were subject to an array of common-law defenses. See Miller v. Enders, 2013 Ark. 23, 425 S.W.3d 723. When the Act was passed, “employers gave up the 11 common-law defenses of contributory negligence, fellow servant, and assumption of the risk and, likewise, employees gave up the chance of recovering unlimited damages in tort actions in return for certain recovery in all work-related cases.” Id. at 12, 425 S.W.3d at 730 (emphasis added) (quoting Brown v. Finney, 326 Ark. 691, 695, 932 S.W.2d 769, 771 (1996)). Essentially, employers and employees struck a bargain or quid pro quo. Additionally, the provisions of the Act were formerly construed liberally in accordance with the Act’s remedial purpose. This has been referred to as the “grand bargain.” Brent J. Edison, Exclusive Remedy of Workers’ Comp Bars Wrongful Death. Lawsuit (Aug. 2016), Westlaw 21 No. 7 N.D. Emp. L. Letter 1. With the passage of Act 796 of 1993, it was a new day. Act 796 changed the former practice and mandated that the Arkansas Workers’ Compensation Commission (“Commission”) and the courts construe the provisions of the Workers’ Compensation Act strictly. See Ark. Code Ann. § ll-9-704(c); Wheeler Constr. Co. v. Armstrong, 73 Ark. App. 146, 41 S.W.3d 822 (2001); Torrey v. City of Fort Smith, 55 Ark. App. 226, 934 S.W.2d 237 (1996). Additionally, in section 35 of Act 796, the legislature expressly provided as follows: The Seventy-Ninth General Assembly realizes that the Arkansas Workers’ Compensation statutes must be revised and amended from time to time. Unfortunately many of the changes made by this act were necessary because Administrative Law Judges, the Workers’ Compensation Commission, and the Arkansas Courts have continually broadened the scope and eroded the purpose of the Workers’ Compensation statutes of this state_ When, and if, the Workers’ Compensation statutes of this state need to be changed the General Assembly acknowledges its responsibility to do so. It is the specific intent of the Seventy-Ninth General Assembly to repeal, annul, and hold for naught all prior opinions or decisions of any Administrative Law Judge, the Workers’ Compensation Commission, or courts of this state contrary to or in conflict with any provision in this act. In the future if such things as the Statute of Limitations; the standard of review by the Workers’ Compensation Commission or courts; the extent to which any physical condition, injury or 1 ^disease should be excluded from or added to coverage by the law; or the scope of the Workers’ Compensation statutes need to be liberalized, broadened, or narrowed it shall be addressed by the General Assembly and should not be done by Administrative'Law Judges, the Workers’ Compensation Commission or the courts. See Wheeler Constr., 73 Ark. App. at 151-52, 41 S.W.3d at 825-26 (emphasis added). I do not share the majority’s apparent belief that this court is helpless and that what the constitution giveth, the legislature can taketh away. Certainly, the legislature gets to write the workers’ compensation statutes. It falls to this court to interpret those statutes and the Arkansas Constitution. Arkansas Code Annotated section 11-9-101 states that the purpose of the Act is to provide benefits to workers who suffer injuries in the scope and course of their employment. See Automated Conveyor Sys., 362 Ark. 215, 208 S.W.3d 136. An interpretation of the Act that would disallow any right of recovery for injuries that are not expressly covered by the Act is not in line with its stated purpose and would contravene article 2, section 13 of the Arkansas Constitution. See id. In Travelers, we discussed Professor Larson’s analysis of the exclusiveness defense, which states, If ... the exclusiveness defense is a “part of the quid pro quo by which the sacrifices and gains of employees and employers are to some extent put in balance,” it ought logically to follow that the employer should be spared damage liability only when compensation liability has actually been provided in its place, or, to state the matter from the employee’s point of view, rights of action for damages should not be deemed taken away except when something of value has been put in their place. Travelers, 329 Ark. at 343, 947 S.W.2d at 385-86 (emphasis added) (footnotes omitted) (quoting 6 Arthur Larson & Lex K, Larson, Larson’s Workers’ Compensation Law § 65.40, at 12-55 (1997)). |1BIn this case, the Commission determined that Hendrix’s claim was barred by section ll-9-702(2)(B) because his disease manifested itself more than three years after his last occupational exposure to asbestos. The three-year provision is a statute of repose, not a statute of limitation. A statute of repose is a statute of duration and provides a date upon which the action no longer exists, whether it has accrued by the date or not. It entirely cuts off an injured person’s right of action before it even accrues. Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co., 353 Ark. 201, 114 S.W.3d 189 (2003). While the majority recognizes that the three-year provision is not a statute of limitation, it proceeds to treat it as a statute of limitation throughout the opinion. I disagree with the majority’s treatment of the three-year provision as a statute of limitation instead of a statute of repose. A statute of limitation bars an action when a claimant knows about his or her cause of action and waits too long to assert it. One cannot wait too long to assert a cause of action one does not know about. I do not buy into the majority’s conclusion that lack of knowledge of a claimant’s disease can be held against the claimant to take away his or her right to seek recovery. Black’s Law Dictionary defines “remedy” as “[t]he means of enforcing a right or preventing or redressing a wrong.” Black’s Law Dictionary 1485 (10th ed. 2014). In this case, Hendrix had no remedy under the Act because the Act provided him no means by which his injury could be redressed or compensated. Hendrix’s right of action under the Act was cut off because his condition did not manifest itself within the three-year statute of repose. Any potential right that he may have had under the Act ceased to exist before his disease was discovered and his claim accrued. 16The majority relies heavily on Porocel Corp. v. Circuit Court of Saline County, 2013 Ark. 172, which is clearly distinguishable from the present case. In Porocel, we held that the worker had a remedy under the Act because he became disabled within three years of his last injurious exposure but lost his opportunity to recover because he did not file his claim within the one-year statute-of-limitations period. In this case, it was impossible for Hendrix to have a remedy under the Act. Id. The worker in Porocel lost his remedy because he failed to file a claim within the prescribed time. The same is not true here. Hendrix never had a remedy to lose. It troubles me that the majority purports to be bound by strict construction of the Act and then goes on to assume what the legislature intended. In its opinion, the majority states, Mindful that we must strictly construe the provisions of the Act .... [I]t could not have been the intent of the General Assembly to absolve an employer of liability for worker’s compensation after a period of time only to subject the employer to liability in tort after that period elapses. Any contrary holding would eviscerate the protection afforded by section ll-9-702(a)(2)(B) and defeat the legislative purpose for enacting the statute of repose. Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. See Sykes v. Williams, 373 Ark. 236, 283 S.W.3d 209 (2008) (citing Hapney v. Rheem Mfg. Co., 341 Ark. 548, 26 S.W.3d 771 (2000)). Section 11-9-702(a)(2)(B) does not say a single word about what happens after three years. It simply says that, using strict construction, the worker cannot recover in workers’ compensation after three years. The legislature has said that the statute shall be strictly construed. The majority cannot strictly construe the provisions of the Act and at the same time speculate about the legislature’s intent, and the majority contradicts itself by doing so. 117The majority holding deprives workers whose injuries and diseases do not manifest themselves during the three-year statute of repose of a remedy, essentially allowing employers to escape liability under both the Act and in common-law tort actions. This conclusion violates the quid pro quo and disrupts the balance between employers’ and employees’ interests. See Larson § 640, at 22. Moreover, it contradicts the original purpose of the Act and article 2, section 13 of the Arkansas Constitution. In conclusion, the majority conveys sympathy to the estate in this harmful and unfair outcome but essentially claims that it is helpless when it comes to the legislature in this situation. While the majority attempts to hide behind and shift blame to the General Assembly for its holding, it is clear from our case law and our constitution that a worker whose injury is not covered by the Act is not precluded from filing a claim in tort against his employer. See Automated Conveyor Sys., 362 Ark. 215, 208 S.W.3d 136. As stated previously, the legislature has certain powers but not the power to take away a person’s constitutional rights. This court is not as helpless as the majority claims. The Act did not provide Hendrix with a remedy. Therefore, his only remedy was pursuant to a common-law civil action. For the reasons stated above, I would reverse the circuit court’s ruling granting Alcoa’s motion to dismiss. Baker and Hart, JJ., join in this dissent.