Josephine Linker Hart, Justice, dissenting. Under the facts of this case, the Arkansas Workers’ Compensation Act (the “Act”) did not cover the asbestos-related disease, mesothelioma, that caused Guy D. Hendrix’s death. Thus, the estate’s only recourse was to 118bring a cause of action in circuit court. Accordingly, I respectfully dissent from the majority’s decision to affirm the circuit court’s dismissal of the lawsuit filed by his estate. The Act provides that one of the “primary purposes of the workers’ compensation laws [is] to pay timely temporary and permanent disability benefits to all legitimately injured workers who suffer an injury or disease arising out of and in the course of their employment.” Ark. Code Ann. § 11—9—101(b) (Repl. 2012). We have further held that “[it] is clear from our case law and our constitution that a worker whose injury is not covered by the [Act] is not precluded from filing a claim in tort against his employer.” Automated Conveyor Sys. v. Hill, 362 Ark. 215, 218, 208 S.W.3d 136, 139 (2005). Arkansas Code Annotated section 11-9-702(a)(2)(B) provides that “a claim for compensation for disability on account of ... asbestosis must be filed with the commission within one (1) year after the time of disablement, and the disablement must occur within three (3) years from the date of the last injurious exposure to the hazard of ... asbestosis.” Under the facts of this case, Hendrix’s disablement did not occur withiji three years of the last injurious exposure. The question then is whether the Act “covered” Hendrix’s disablement. In its analysis, the majority readily acknowledges that section ll-9-702(a)(2)(B) is a statute of repose. The majority, however, does not consider the import of its conclusion. To understand how a statute of repose works, it may be compared to a statute of limitations. A cause of action accrues the moment the right to commence an action comes into existence. Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co., 353 Ark. 201, 216, 114 S.W.3d 189, 198 (2003). A statute of limitations commences to run from the time the [1flcause of action accrues and the right to commence an action comes into existence. Id., 114 S.W.3d at 198. A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an existing cause of action. Id. at 218, 114 S.W.3d at 199. A statute of limitations allows a party to avoid suit and avoid paying benefits, even claim is valid. Id., 114 S.W.3d at 199. In the case at bar, there is no allegation that Hendrix was at fault because of some failure to satisfy a statute of limitations. In Porocel Corp. v. Circuit Court of Saline County, 2013 Ark. 172, a statute of limitations operated to bar the remedy available from an existing cause of action. To recover, the employee in Porocel first had to show his time of disablement occurred within three years from the date of the last injurious exposure; second, the employee had to show that his claim for compensation was filed within one year after the time of disablement. There, the employee’s time of disablement was within three years of his last injurious exposure and thus covered under the Act. However, while he had a remedy under the Act, he failed to avail himself of the remedy when he did not file his claim within the one-year statute-of-limitations period. Thus, the one-year statute of limitations barred his remedy. In contrast, a statute of repose is a statute of duration, and it provides a date upon which the action no longer exists, whether the action has accrued by that date or not. Id. at 217, 114 S.W.3d at 199. It entirely cuts off an injured person’s right to a cause of action before it even accrues. Id. at 217, 114 S.W.3d at 199. Once the period of duration under a statute of repose has expired, there is no suit to avoid because it extinguishes the cause of action. Id. at 218, 114 S.W.3d at 199. Whether or not an injury has occurred has no effect anon a statute of repose, because it eliminates a cause of action altogether after the passage of the prescribed period. Id. at 220, 114 S.W.3d at 201. The statute at issue here operates as a statute of repose. Thus, under this statute of repose, the Act covers a claim if the disablement resulted within three years from the date of the last injurious exposure. A worker whose disablement did not occur within three years from the date of the last injurious exposure, however, would not have a claim covered by the Act because the claim was extinguished by the Act before it ever accrued. In the case at bar, Hendrix never had a claim covered by the Act. First, because his disablement did not occur within three years from the date of the last injurious exposure, his cause of action did not accrue so that he could bring his claim under the Act. Second, when the disablement occurred more than three years from the date of the last exposure, the cause of action then accrued, but it had already been extinguished under the Act by the statute of repose before it accrued. Accordingly, because the claim was extinguished before it accrued, Hendrix never had a claim that was covered by the Act. Thus, his only option was to pursue a cause of action in circuit court. As this court has stated in Automated Conveyor Systems, it is clear from our case law and our constitution that a worker whose injury is not covered by the Act is not precluded from filing a claim in tort against his employer. Automated Conveyor Sys., 362 Ark. at 218, 208 S.W.3d at 139 (noting that “Article 2, section 13 of the Arkansas Constitution states, ‘Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character.’ ”). Certainly, there is no language in Arkansas Code Annotated section 11-9-702(a)(2)(B) to suggest that the General Assembly intended |21to deny employees redress at common law or limit employers’ common-law defenses when the Act provides no coverage. In fact, Hendrix’s position is analogous to that of the employee in Automated Conveyor Systems.[1] There, the employee suffered a gradual-onset neck injury, which the administrative law judge found was not compensable because the Act covered only those gradual-onset neck injuries that were caused by rapid and repetitive motion, and not gradual-onset neck injuries caused by repetitive, but not rapid, work duties. The employee brought a negligence lawsuit in circuit court, and the employer filed a petition for writ of prohibition with this court, citing Arkansas Code Annotated section ll-9-105(a) and arguing that the Act was the sole and exclusive remedy for such claims. After noting that “nothing in our case law suggests that a worker whose injuiy is not covered by the [Act] has no remedy at law,” we held that “a worker whose injury is not covered by the [Act] is not precluded from filing a claim in tort against his employer.” Automated Conveyor Sys., 362 Ark. at 218, 208 S.W.3d at 138-39. Further, after noting that section 11—9—101(b) states that the purpose of the Act is to provide benefits to workers who suffer injuries in the scope and course of their employment, this court stated, “An interpretation of the [Act] that would disallow any right of recovery for injuries that are not expressly covered by the Act is not in line with its stated purpose and, in addition, would contravene Article 2, section 13 of the Arkansas Constitution.” Id. at 219, 208 S.W.3d at 139. |⅞>1 note that while, generally, the Act covered neck injuries in Automated Conveyor Systems, the Act did not cover the employee’s particular gradual-onset neck injury, and thus the employee was allowed to bring a lawsuit in circuit court. Analogously, the Act generally covers occupational diseases, but in the case of asbestos-related diseases, only those where the claim accrues within three years from the date of the last injurious exposure. However, Hendrix’s claim, which did not accrue within three years from the date of the last injurious exposure, was not covered by the Act because Hendrix never had a claim under the Act. Thus, the Act did not cover Hendrix’s occupational disease. The sum total of the majority’s analysis is that “the Act in general covers occupational diseases, and it specifically provides coverage, and thus a remedy, for asbestos-related claims,” and accordingly “the claim falls within the coverage formula of the Act, even though Hendrix was ultimately denied recovery on the ground that the claim was time-barred.” This reasoning, however, is flawed. Clearly, Hendrix never had a claim covered by the Act because it did not accrue_until after coverage under the Act had been extinguished. Furthermore, the majority’s reasoning that the Act in general covers occupational diseases and thus a remedy for asbestos-related claims is contrary to Automated Conveyor Systems and fails to recognize that coverage under, the Act is limited to asbestos-related diseases where the disablement occurred within three years from the date of the last injurious exposure to the hazard of asbestos. Here, the majority apparently has confused this case with more common cases such as those where the Act covered the injury and provided a remedy but recovery was denied | ^because, as in Porocel,[2] the claim' was not brought within the time period set out by the statute of limitations contained in the Act. Thus, Hendrix’s estate is not precluded from bringing a cause of action in circuit court. Remarkably, even the majority recognizes that the “result smacks of unfairness, particularly when it is well known that the disease of mesothelioma has a long latency period.” The majority, knowing that the long latency period is from twenty to forty years, then attempts to absolve itself of this unfair result and concludes that any criticism of the result “lies at the feet of the General Assembly.” The unfairness of this result, however, lies squarely on the shoulders of the majority, which has failed to properly interpret our case law, the Act, and the Arkansas constitution. As one court addressing this issue has stated, Indeed, the consequences of Employers’ proposed interpretation of the Act to prohibit an employee from filing an action at common law, despite the fact that employee has no opportunity to seek redress under the Act, leaves the employee with no remedy against his or her employer, a consequence that clearly contravenes the Act’s intended purpose of benefitting the injured worker. It is inconceivable that the legislature, in enacting a statute specifically designed to benefit employees intended to leave a certain class of employees who have suffered the most serious of work-related injuries without any redress under the Act or at common law. Tooey v. AK Steel Corp., 623 Pa. 60, 81 A.3d 851, 864 (2013). It is inconceivable to suggest, as the majority holds, that the General Assembly intended to leave Hendrix and similarly situated employees without any redress at common law. As stated in Travelers Insurance Company v. Smith, 329 Ark. 336, 343, 947 S.W.2d 382, 385-86 (1997) (citing Arthur Larson & Lex K. Larson, Larson’s Workers’ Compensation Law § 65.40, at 12-55 (1997) (footnotes omitted)), If ... the exclusiveness defense is a “part of the quid pro quo by which the sacrifices and gains of employees and employers are to some extent put in balance,” it ought | ^logically to follow that the employer should be spared damage liability only when compensation liability has actually been provided in its place, or, to state the matter from the employee’s point of view, rights of action for damages should not be deemed taken away except when something of value has been put in their place. There must be a quid pro quo. If the cause of action accrues within three years, then the employee may bring a claim under the Act, and the employer is entitled to the defenses it may have under the Act. If the cause of action does not accrue within three years, then the Act does not cover the claim, and the employee may bring a cause of action in circuit court. In that situation, the employer is entitled to the defenses he may have at common law, including bringing third parties into the lawsuit whose fault may be greater. As it will be now, while most of the citizens who were not employees but were exposed to asbestos—for instance, independent contractors who provided services for employers—may sue in circuit court for asbestos-related injuries that do not occur within three years from the date of the last injurious exposure to the hazard of asbestosis, the employees of Arkansas may not. The majority has chosen to deny this man and his family the constitutional guarantee found in article 2, section 13 of the Arkansas Constitution, which provides that “[e]very person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws.” Where a statute is open to two constructions, one of which will render it unreasonable and unconstitutional, while the other will harmonize with reason, justice, and constitutional prescriptions, the latter construction will be adopted. Stuart v. Elk Horn Bank & Trust Co., 123 Ark. 285, 291, 185 S.W. 263, 265 (1916). The majority has chosen an unreasonable and unconstitutional construction of Arkansas Code Annotated section ll-9-702(a)(2)(B). |¾1 am compelled to respectfully dissent. Danielson and Baker, JJ., join in this dissent. . The majority's analysis of that case is remarkably general and fails to focus on important aspects of the court’s holding. . In fact, the majority cites Porocel—a statute-of-limitations case—as controlling here.