SLIP OPINION

Cite as 2016 Ark. 146

# SUPREME COURT OF ARKANSAS

No. CV-15-422

| | |
|---|---|
| MARILYN WORSHAM | **Opinion Delivered** April 7, 2016 |
| V. | APPEAL FROM THE BOARD OF REVIEW [NO. 2014-BR-02149] |
| DARYL BASSETT, DIRECTOR OF WORKFORCE SERVICES          APPELLEE | <u>AFFIRMED</u>. |

**HOWARD W. BRILL, Chief Justice**

Appellant Marilyn J. Worsham, pro se, appeals from the decision of the Board of Review (Board) affirming the decision of the Appeal Tribunal, which upheld the denial of her unemployment benefits by appellee Daryl Bassett, Director, Department of Workforce Services (Department). On appeal, Worsham argues that the court of appeals should have ordered the Board to conduct a further hearing to take additional evidence; that the Board and the Appeal Tribunal erred in refusing to offer a further hearing, thereby denying her equal protection guaranteed by the United States Constitution; and that the Board erred in ruling that she did not meet the wage requirements pursuant to Arkansas Code Annotated section 11-10-507(5)(A) (Repl. 2012), for establishing an unemployment-benefit claim. We affirm the Board's decision.

On May 6, 2012, the American Association of Retired Persons (AARP) hired Worsham as a part-time employee for the AARP Senior Community Service Employment

Program (SCSEP), which is grant-funded through the United States Department of Labor. AARP, a 501(c)(3) nonprofit organization according to its Internal Revenue Service Form 990, placed senior citizens in host agencies for job training while they searched for employment. Worsham's base period began April 1, 2013, and lasted through March 31, 2014. During Worsham's base period, AARP was her only employer, and she received wages only from AARP during that time. Terri Boone, AARP's project director, indicated that Worsham was paid under Title V of the Older Americans Act. *See* 42 U.S.C. § 3056.

On July 7, 2014, Worsham, after working in the AARP SCSEP office, was transferred to a host agency, and her pay was reduced from $12.00 per hour to $7.25 per hour. During her work training, she was required to continue to search for work. According to Worsham, she filed for unemployment benefits when she received the reduction in pay after her transfer. On July 24, 2014, the Department of Workforce Services denied Worsham's claim for benefits, finding that she did not have covered wages during her base period to qualify for benefits pursuant to Arkansas Code Annotated sections 11–10–522(a) and 11–12–507(5)(A). Worsham timely appealed the Board's decision to the Appeal Tribunal. After a hearing during which Worsham appeared on her behalf, the Appeal Tribunal affirmed the Board's decision, finding that Worsham "only had wages from a nonprofit organization during her base period." Citing section 11-10-522(a) and section 11-10-507(5)(A), the Appeal Tribunal concluded that wages from a nonprofit organization were not qualified wages for unemployment-insurance purposes and that Worsham did not have qualifying wages to establish her claim.

On August 26, 2014, Worsham wrote a letter to the Board asking it to consider her record of wages before the Appeal Tribunal, including a printout of wages from AARP dating from May 2012 through April 30, 2014. In a letter dated August 27, 2014, the Board advised Worsham that, pursuant to section 11-10-525(c), the Board was without jurisdiction to accept or consider additional evidence unless accepted by the Board in a subsequent hearing, and the Board stated that it would render its decision based on the record forwarded by the Appeal Tribunal. Worsham timely filed an appeal to the Board, which affirmed and adopted the Appeal Tribunal's ruling. The Board found that Worsham did not meet the wage requirements, pursuant to Arkansas Code Annotated section 11-10-507(5)(A), for establishing a claim. Worsham appealed to the court of appeals, which affirmed without written opinion. *See Worsham v. Bassett*, No. E-14-864. Worsham then petitioned this court for review, which we granted. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. *See Blake v. Shellstrom*, 2012 Ark. 428, 424 S.W.3d 830. We turn to Worsham's appeal from the Board's decision.

On appeal, Worsham argues that the Board erroneously ruled that she did not meet the wage requirements for establishing a claim. The Department responds that employment had been funded by a federal grant as part of a work-relief or training program is not considered employment for the purposes of unemployment benefits.

The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *See, e.g., Rose v. Harbor E., Inc.*, 2013 Ark. 496, 430 S.W.3d 773. The basic rule of statutory construction to which all other

3

interpretive guides defer is to give effect to the intent of the drafting body. *See id*. In reviewing issues of statutory interpretation, we first construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See id*. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *See id*.

The Board based its decision on section 11–10–507(5)(A):

> (5)(A) Qualifying Wages. For any benefit year, he or she has during his or her base period been paid wages in at least two (2) quarters of his or her base period for insured work, and the total wages paid during his or her base period equal not less than thirty-five (35) times his or her weekly benefit amount.

Section 11–10–507(5)(A) does not expressly state that wages from a nonprofit organization are not qualifying wages. Although wages from a nonprofit organization may constitute qualifying wages under section 11–10–507(5)(A), an exception applicable to this case is found at Arkansas Code Annotated section 11–10–210(a). That section provides in relevant part:

> (3) Service performed by an individual in the employ of a religious, charitable, educational, or other organization described in Section 501(c)(3) of the Internal Revenue Code of 1954 if the organization had one (1) or more individuals in employment for some portion of a day in each of ten (10) different days, whether or not the days were consecutive, within the current or preceding calendar year irrespective of whether the same individuals are or were employed in each day;

> (4) For the purposes of subdivisions (a)(2) and (3) of this section, the term "employment" does not apply to service performed:
>
> . . . .
>
> (E) As part of an unemployment work–relief or work–training program assisted or financed in whole or in part by any federal agency or an agency of a state or political subdivision thereof, by an individual receiving the work relief or work training.

Ark. Code Ann. § 11-10-210(a)(3)–(4).

Given the plain language of the statute, section 11-10-210(a)(4) means that employment "does not apply to a service performed" in "an unemployment work-relief or work-training program," that is funded by a federal grant. Here, Worsham's employment with AARP fits this statutory scheme. She was employed by AARP, a nonprofit organization that paid her wages through a federal grant. Thus, based on our statutory interpretation of section 11-10-210(a)(4), we hold that her employment with AARP was excluded, and she did not qualify for unemployment benefits.

Further, Worsham contends that the Board erred in refusing to accept additional evidence at another hearing and that denying her that hearing violated her equal-protection rights guaranteed by the United States Constitution. Here, the Board properly decided the matter after considering the entire record of prior proceedings before the Appeal Tribunal. *See* Ark. Code Ann. § 11-10-525(c). Additionally, we decline to reach Worsham's equal-protection argument because the Board did not make a specific finding on that issue. When an argument is not raised below or ruled upon, the issue is not preserved for appellate review. *See Mountain Pure, LLC v. Little Rock Wastewater Util.*, 2011 Ark. 258, 383 S.W.3d 347; *Nelson v. Dir., Dep't of Workforce Servs.*, 2013 Ark. App. 533. For these reasons, Worsham's argument on this issue is without merit.

Affirmed.

*Marilyn Worsham*, pro se appellant.

*Phyllis Edwards*, for appellee.