SLIP OPINION

Cite as 2016 Ark. 453

# SUPREME COURT OF ARKANSAS

No. CV-15-558

|  |  |
|---|---|
| BRENDA HENDRIX, INDIVIDUALLY, AND AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF GUY D. HENDRIX, DECEASED<br><br>APPELLANT<br><br>V.<br><br>ALCOA, INC.<br><br>APPELLEE | **Opinion Delivered:** December 15, 2016<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-14-173-3]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br><u>AFFIRMED; MOTION TO DISMISS DENIED</u>. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Brenda Hendrix, individually, and as the Special Administratrix of the Estate of Guy D. Hendrix, Deceased (the "estate"), appeals the amended judgment entered by the Saline County Circuit Court granting the motion to dismiss filed by appellee Alcoa, Inc.[1] For reversal, the estate contends that the exclusive-remedy provision of the Arkansas Workers' Compensation Act (the "Act") does not bar a common-law tort action against the decedent's employer because the Act provides no remedy for the disease that caused the decedent's death. We accepted certification of this case from the Arkansas Court of Appeals in accordance with Arkansas Supreme Court Rule 1-2(d), on the basis that the appeal presents an issue of first impression concerning a matter of substantial public interest and a

---

[1] The amended complaint filed by the estate includes claims against Breeding Insulation Co. and Darragh Co. The claims against these entities remain outstanding, and this appeal comes to us with a proper certificate under Rule 54(b) of the Arkansas Rules of Civil Procedure.

significant question of law concerning the interpretation of an act of the General Assembly. *See* Ark. Sup. Ct. R. 1–2(b)(1), (4) & (6). In keeping with legislative intent, we must affirm the circuit court's decision.

The facts of this case are not disputed. The decedent, Guy D. Hendrix, worked for Alcoa from 1966 until his retirement in the fall of 1995. In June 2012, he received a diagnosis of mesothelioma, an asbestos-related cancer. In September 2012, Hendrix filed a claim against Alcoa for workers' compensation benefits, alleging that he was exposed to asbestos during the course of his employment. On November 7, 2012, an administrative law judge found that the claim was barred under the provisions of Arkansas Code Annotated section 11-9-702(a)(2) (Repl. 2012). This subsection of the statute provides in relevant part that

> (A) A claim for compensation for disability on account of injury which is either an occupational disease or occupational infection shall be barred unless filed with the commission within two (2) years from the date of the last injurious exposure to the hazards of the disease or infection.

> (B) However, a claim for disability on account of silicosis or asbestosis must be filed with the commission within one (1) year after the time of disablement, and the disablement must occur within three (3) years from the date of the last injurious exposure to the hazard of silicosis or asbestosis.

The law judge concluded that Hendrix's claim was time-barred because it was not filed within three years of the last date of the injurious exposure. Hendrix did not appeal the law judge's decision to the full commission.

Hendrix died in November 2013. In April 2014, the estate initiated this wrongful-death and survival action against Alcoa. Alcoa subsequently filed a motion to dismiss the estate's amended complaint against it, asserting that the circuit court lacked jurisdiction

because the claims fell within the exclusive-remedy provision of the Act. After a hearing, the circuit court entered an order dismissing the claims against Alcoa with prejudice. This appeal followed.[2]

For reversal, the estate contends that the circuit court erred in dismissing its complaint against Alcoa. It asserts that a circuit court has jurisdiction to entertain a civil action against an employer when the employee has no remedy under the Act. More specifically, the estate maintains that Hendrix's opportunity to obtain workers' compensation benefits ceased before his claim accrued and that the Act provided no remedy for Hendrix's occupational disease because the disease manifested after the limitations period had expired.

This case requires us to construe the exclusive-remedy provision of the Act in conjunction with section 11-9-702(a)(2)(B). The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Gerber Prods. Co. v. Hewitt*, 2016 Ark. 222, 492 S.W.3d 856. Statutes relating to the same subject must be construed together and in harmony, if possible. *Hammerhead Contracting & Dev., LLC v. Ladd*, 2016 Ark. 162, 489 S.W.3d 654. It is axiomatic that this court strives to reconcile statutory provisions to make

---

[2] During the course of the appeal, Alcoa filed a motion to dismiss. It submits that this court lacks jurisdiction because Hendrix failed to appeal to the commission the law judge's jurisdictional statement, based on the parties' stipulation, that the "Arkansas Workers' Compensation Commission has jurisdiction of this claim." In *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 970 S.W.2d 810 (1998), we held that the commission has primary and exclusive jurisdiction to decide whether an employee's injuries are covered by the Act. In this instance, and in accordance with *VanWagoner* and other decisions of this court, Hendrix first presented his claim before the commission. The law judge's decision became final once it was not appealed. Ark. Code Ann. § 11-9-711(a)(1). We know of no authority, and Alcoa has cited none, that the failure to appeal that final order erects a jurisdictional barrier for proceeding in this court. Therefore, we deny the motion to dismiss.

SLIP OPINION

them consistent, harmonious, and sensible. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. When interpreting the workers' compensation statutes, we must strictly construe them. Ark. Code Ann. § 11-9-704(c)(3); *Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723. "The doctrine of strict construction requires this court to use the plain meaning of the language employed." *Stewart v. Ark. Glass Container*, 2010 Ark. 198, at 6, 366 S.W.3d 358, 361–62. Strict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Lambert v. LQ Mgmt., LLC*, 2013 Ark. 114, 426 S.W.3d 437.

The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Worsham v. Bassett*, 2016 Ark. 146, 489 S.W.3d 162. We are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct. *McLemore v. Weiss*, 2013 Ark. 161, 427 S.W.3d 56.

The exclusive-remedy provision of the Act is found at Arkansas Code Annotated section 11-9-105(a), which states in part that

> (a) The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer[.]

We have said that this provision clearly indicates that any claim for injury or death against an employer may only be brought under the Act, thus eliminating an employer's tort liability. *Elam v. Hartford Fire Ins. Co.*, 344 Ark. 555, 42 S.W.3d 443 (2001). The reason for such exclusivity is found in the general purpose behind our workers' compensation laws, which was to change the common law by shifting the burden of all work-related injuries

from individual employers and employees to the consuming public, with the concept of fault being virtually immaterial. *Craven v. Fulton Sanitation Serv., Inc.*, 361 Ark. 390, 206 S.W.3d 842 (2005). With the passage of such statutes, employers gave up the common-law defenses of contributory negligence, fellow servant, and assumption of the risk; likewise, employees gave up the chance to recover unlimited damages in tort actions in return for certain recovery in all work-related cases. *Brown v. Finney*, 326 Ark. 691, 932 S.W.2d 769 (1996).

Because the exclusive-benefits provision of our compensation law favors both the employer and the employee, we have taken a narrow view of any attempt to seek damages beyond that favored, exclusive remedy. *Honeysuckle v. Curtis H. Stout, Inc.*, 2010 Ark. 328, 368 S.W.3d 64. However, we have made exceptions where it is plain that the Act does not provide a remedy for the claim. For instance, in *Travelers Insurance Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997), the widow of an employee killed in a work-related accident sued the employer's compensation carrier in the circuit court for the emotional distress caused by its mishandling of her late husband's remains. The carrier sought a writ of prohibition in this court contending that the lawsuit was barred by the exclusive-remedy doctrine. We denied the writ and allowed the case to go forward in the circuit court, framing the issue as "whether the lack of a remedy answers the jurisdictional question." *Travelers*, 329 Ark. at 343, 947 S.W.2d at 385. We held that the cause of action was premised on a nonphysical injury, which is not covered under the Act, and because the injury was beyond the scope of coverage under the Act, it was not barred by the exclusive-remedy provision.

Next, in *Davis v. Dillmeier Enterprises, Inc.*, 330 Ark. 545, 956 S.W.2d 155 (1997), the employee suffered a compensable injury for which benefits were paid. Once she received a release from treatment, she reported for work but was promptly fired. The employee then filed suit in the circuit court asserting a cause of action for discrimination based on physical disability under the Arkansas Civil Rights Act. Citing *Travelers*, *supra*, we observed that "in determining whether an action involving a work-related injury may be filed in circuit court, an important consideration is whether the Workers' Compensation Act provides a remedy to the plaintiff." *Davis*, 330 Ark. at 554, 956 S.W.2d at 159. We concluded that the Act did not provide a remedy for an employee who is terminated from his or her job on the basis of a disability. Consequently, we held that the exclusive-remedy provision did not preclude the employee from bringing a civil-rights action in the circuit court grounded on the employer's alleged discrimination in terminating the employee based on her permanent restrictions and impairment.

We reached a similar result in *Automated Conveyor Systems, Inc. v. Hill*, 362 Ark. 215, 208 S.W.3d 136 (2005). There, the employee suffered a gradual-onset injury caused by heavy lifting. He presented a claim for workers' compensation that was denied because the Act covered only gradual-onset injuries caused by rapid and repetitive motion. The employee then sued his employer in the circuit court. When the circuit court denied the employer's motion to dismiss based on the exclusive-remedy provision, the employer filed a petition for writ of prohibition in this court. We held that the exclusive-remedy provision did not bar the employee's cause of action because the injury did not meet the definition of a compensable injury and thus the employee did not have a remedy under the Act.

SLIP OPINION

We agree with the estate that the common thread running through these decisions is that an employee may bring suit against his or her employer when there is no remedy available under the Act. Thus, the question here is whether Hendrix had a remedy pursuant to the Act.

In his treatise, Professor Larson draws a distinction "between an injury which does not come within the fundamental coverage provisions of the act, and an injury which is in itself covered but for which, under the facts of the particular case, no compensation is payable." 9 Lex K. Larson, *Larson's Workers' Compensation* pt. 11, scope (Matthew Bender, Rev. Ed.) (June. 2014). Larson further instructs that

> [t]he compensation remedy is exclusive of all other remedies by the employee or his dependents against the employer and insurance carrier for the same injury, if the injury falls within the coverage formula of the act. If it does not, as in the case where occupational diseases were deemed omitted because not within the concept of accidental injury, the compensation act does not disturb any existing remedy. However, if the injury itself comes within the coverage formula, an action for damages is barred even though the particular element of damage is not compensated for, as in the case of disfigurement in some states, impotency, or pain and suffering.

*Id.*

Our decision in *Porocel Corp. v. Circuit Court of Saline County*, 2013 Ark. 172, reflects these principles. In that case, the employee submitted a workers' compensation claim alleging exposure to asbestos and silica dust that resulted in lung disease and silicosis. An administrative law judge issued an opinion denying the claim under section 11-9-702(a)(2)(B). The law judge found that although his disablement had occurred within three years of the last injurious exposure, the claim was barred because it was not filed within one year from the date of the disablement. The employee subsequently sued his employer in the circuit court, and the employer came before this court seeking a writ of prohibition after

the circuit court denied the employer's motion to dismiss. In support of the circuit court's ruling, the employee argued that the running of the statute of limitations caused him to have no remedy against his employer under the Act, which rendered his disease to be one that was not covered under the Act. This court disagreed, holding that the employee had a covered injury and thus a remedy under the Act, but he failed to avail himself of the remedy when he did not file his claim within the one-year limitation period, as required by section 11-9-702(a)(2)(B).

In *Porocel*, we left open the question that confronts us in the present case, which is whether the Act provides a remedy for an asbestos-related claim if the time of disablement does not occur within three years of the last injurious exposure. *Porocel*, 2013 Ark. 172, at 6, n. 1. As we noted in that case, section 11-7-702(a)(2)(B) contains two requirements for the recovery of workers' compensation benefits: (1) the employee's time of disablement must have occurred within three years from the date of the last injurious exposure, and (2) the claim for compensation had to be filed within one year after the time of disablement. Because an employer's liability under the statute is measured from the date of the employee's last injurious exposure, the statute is accurately described as a "statute of repose" rather than a "statute of limitations." *See Rogers v. Mallory*, 328 Ark. 116, 120, 941 S.W.2d 421, 423 (1997). This court has recognized that the effect of such a statute "is to cut off entirely an injured person's right of action before it accrues, when that action does not arise until after the statutory period has elapsed." *Curry v. Thornsberry*, 354 Ark. 631, 638, 128 S.W.3d 438, 441 (2003); *see also Okla Homer Smith Furniture Mfg. Co. v. Larson & Wear, Inc.*, 278 Ark. 467, 646 S.W.2d 696 (1983). A statute of repose is a statute of duration and provides a date

SLIP OPINION

upon which the action no longer exists, whether it has accrued by that date or not. *Ray &*

*Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189

(2003). As we observed in *Ray & Sons*,

> A statute of repose creates a substantive right in those protected to be free from liability after a legislatively determined period of time. *Id*. Statutes of limitations are motivated by considerations of fairness to defendants and are intended to encourage prompt resolution of disputes by providing a simple procedural mechanism to dispose of stale claims. *Harig v. Johns–Manville Products Corp.*, 284 Md. 70, 75, 394 A.2d 299 (1978). Statutes of repose are based on considerations of the economic best interests of the public as a whole and are substantive grants of immunity based on a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists. *Whiting Turner*, 304 Md. at 349–50, 499 A.2d 178.

*Id*. at 218, 114 S.W.3d at 200 (quoting *First United Methodist Church of Hyattsville v. U.S.*

*Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989)). The United States Supreme Court has

described a repose provision as a "cut off" and an absolute bar on a defendant's temporal

liability. *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014). The *Waldburger* Court

also noted the distinctions between statutes of limitation and statutes of repose and discussed

the policy considerations that underlie each of them:

> Although there is substantial overlap between the policies of the two types of statute, each has a distinct purpose and each is targeted at a different actor. Statutes of limitations require plaintiffs to pursue "diligent prosecution of known claims." Black's 1546. Statutes of limitations "promote justice by preventing surprises through [plaintiffs'] revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–349, 64 S. Ct. 582, 88 L.Ed. 788 (1944). Statutes of repose also encourage plaintiffs to bring actions in a timely manner, and for many of the same reasons. But the rationale has a different emphasis. Statutes of repose effect a legislative judgment that a defendant should "be free from liability after the legislatively determined period of time." C.J.S. § 7, at 24; s*ee also School Board of Norfolk v. United States Gypsum Co.*, 234 Va. 32, 37, 360 S.E.2d 325, 328 (1987) ("[S]tatutes of repose reflect legislative decisions that as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability" (internal quotation marks omitted)).

> Like a discharge in bankruptcy, a statute of repose can be said to provide a fresh start or freedom from liability. Indeed, the Double Jeopardy Clause has been described as "a statute of repose" because it in part embodies the idea that at some point a defendant should be able to put past events behind him. *Jones v. Thomas*, 491 U.S. 376, 392, 109 S. Ct. 2522, 105 L. Ed. 2d 322 (1989) (SCALIA, J., dissenting).

*Id.* at 2183.

Based on the nature of a statute of repose, the estate asserts that because the statute extinguished Hendrix's remedy under the Act before it accrued, the exclusive-remedy provision no longer applies and that it is free to pursue its claims in the circuit court. We are constrained to reject this argument. Our case law dictates that an employee may seek relief against an employer in the circuit court only if the Act provides no remedy for the employee's condition. Applying that logic here, the Act in general covers occupational diseases, and it specifically provides coverage, and thus a remedy, for asbestos-related claims. *See* Ark. Code Ann. §§ 11-9-601(a) & (g)(1)(B) and 11-9-702(a)(2)(B). Thus, the claim falls within the coverage formula of the Act, even though Hendrix was ultimately denied recovery on the ground that the claim was time-barred under section 11-9-702(a)(2)(B). As Larson instructs, and consistent with our decision in *Porocel*, *supra*, the temporal limitation on recovery does not equate to the absence of a remedy under the Act.

According to the authorities mentioned above, as a matter of public policy, a statute of repose creates a substantive right in those protected to be free from liability after a legislatively determined period of time. Mindful that we must strictly construe the provisions of the Act, section 11-9-702(a)(2)(B) represents a policy-driven, legislative judgment to shield an employer from such claims that arise three years after the last injurious exposure. Coupled with the exclusive-remedy provision, it could not have been the intent

of the General Assembly to absolve an employer of liability for worker's compensation after a period of time only to subject the employer to liability in tort after that period elapses. Any contrary holding would eviscerate the protection afforded by section 11-9-702(a)(2)(B) and defeat the legislative purpose for enacting the statute of repose. Accordingly, we affirm the circuit court's dismissal of the complaint against Alcoa.[3]

In conclusion, the remedy afforded by the Act certainly rings hollow under the facts of this case. The result smacks of unfairness, particularly when it is well known that the disease of mesothelioma has a long latency period. However, our General Assembly has seen fit to create a statute of repose with only a three-year duration. In *Porocel, supra*, we also recognized that the one-year limitations period operated harshly in that case. However, we observed that any inequity must be addressed by the General Assembly and that this court cannot refuse to give effect to the statute of limitations merely because it seems to operate harshly. "Whether three years, four years or five years—or more or less—is the correct or appropriate period, should not and cannot be the concern of the judiciary." *Carter v. Hartenstein*, 248 Ark. 1172, 1176, 455 S.W.2d 918, 921 (1970). We must hold true to legislative intent when interpreting and applying the statutes passed by the legislature. Any criticism of the result we are compelled to reach in this case lies at the feet of the General Assembly.

---

[3] Our holding is consistent with the decisions of our sister states in Illinois, Iowa, and Kansas. *See Folta v. Ferro Eng'g*, 43 N.E.3d 108 (Ill. 2015); *Ganske v. Spahn & Rose Lumber Co.*, 580 N.W.2d 812 (Iowa 1998); *Tomlinson v. Owens-Corning Fiberglas Corp.*, 770 P.2d 833 (Kan. 1989). Only the Pennsylvania Supreme Court's decision in *Tooey v. AK Steel Corp.*, 81 A.3d 851 (Penn. 2013), stands in contradiction.

Affirmed; motion to dismiss denied.

Special Justice KIRKMAN T. DOUGHERTY, joins.

DANIELSON, BAKER, and HART, JJ., dissent.

**PAUL E. DANIELSON, Justice, dissenting.** I respectfully dissent. When the Workers' Compensation Act ("the Act") does not provide a remedy for a worker's injury or death, the worker's action is not barred by the exclusive-remedy provision. *See Travelers Ins. Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997). By affirming the circuit court's dismissal of the estate's civil action, the majority has deprived the estate of the opportunity to pursue its only remedy.

Article 2, section 13 of the Arkansas Constitution states that "[e]very person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character." *See also Automated Conveyor Sys. v. Hill*, 362 Ark. 215, 218, 208 S.W.3d 136, 139 (2005). "The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy." Ark. Const. art. 2, § 7. Prior to the adoption of amendment 26 in 1938, which created the Workers' Compensation Act, article 5, section 32 of the Arkansas Constitution provided that "[n]o act of the General Assembly shall limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property." Ark. Const. art. 5, § 32, *amended by* Ark. Const. amend. 26. At that time, workers had the right to sue their employers at common law and the right to a trial by jury. A worker was required to prove fault on the part of the employer, and claims were subject to an array of common-law defenses. *See Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723. When the Act was passed, "employers gave up the

common-law defenses of contributory negligence, fellow servant, and assumption of the risk and, likewise, employees gave up the chance of recovering unlimited damages in tort actions *in return for certain recovery in all work-related cases*." *Id.* at 12, 425 S.W.3d at 730 (emphasis added) (quoting *Brown v. Finney*, 326 Ark. 691, 695, 932 S.W.2d 769, 771 (1996)). Essentially, employers and employees struck a bargain or quid pro quo. Additionally, the provisions of the Act were formerly construed liberally in accordance with the Act's remedial purpose. This has been referred to as the "grand bargain." Brent J. Edison, *Exclusive Remedy of Workers' Comp Bars Wrongful Death Lawsuit* (Aug. 2016), Westlaw 21 No. 7 N.D. Emp. L. Letter 1.

With the passage of Act 796 of 1993, it was a new day. Act 796 changed the former practice and mandated that the Arkansas Workers' Compensation Commission ("Commission") and the courts construe the provisions of the Workers' Compensation Act strictly. *See* Ark. Code Ann. § 11-9-704(c); *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001); *Torrey v. City of Fort Smith*, 55 Ark. App. 226, 934 S.W.2d 237 (1996). Additionally, in section 35 of Act 796, the legislature expressly provided as follows:

> The Seventy-Ninth General Assembly realizes that the Arkansas Workers' Compensation statutes must be revised and amended from time to time. Unfortunately many of the changes made by this act were necessary because Administrative Law Judges, the Workers' Compensation Commission, and the Arkansas Courts have continually broadened the scope and eroded the purpose of the Workers' Compensation statutes of this state. . . . When, and if, the Workers' Compensation statutes of this state need to be changed the General Assembly acknowledges its responsibility to do so. It is the specific intent of the Seventy-Ninth General Assembly to repeal, annul, and hold for naught all prior opinions or decisions of any Administrative Law Judge, the Workers' Compensation Commission, or courts of this state contrary to or in conflict with any provision in this act. *In the future if such things as the Statute of Limitations; the standard of review by the Workers' Compensation Commission or courts; the extent to which any physical condition, injury or*

> *disease should be excluded from or added to coverage by the law; or the scope of the Workers'*
> *Compensation statutes need to be liberalized, broadened, or narrowed it shall be addressed by*
> *the General Assembly and should not be done by Administrative Law Judges, the Workers'*
> *Compensation Commission or the courts.*

*See Wheeler Constr.*, 73 Ark. App. at 151–52, 41 S.W.3d at 825–26 (emphasis added).  I do not share the majority's apparent belief that this court is helpless and that what the constitution giveth, the legislature can taketh away.  Certainly, the legislature gets to write the workers' compensation statutes.  It falls to this court to interpret those statutes and the Arkansas Constitution.

Arkansas Code Annotated section 11-9-101 states that the *purpose* of the Act is to provide benefits to workers who suffer injuries in the scope and course of their employment. *See Automated Conveyor Sys.*, 362 Ark. 215, 208 S.W.3d 136.  An interpretation of the Act that would disallow any right of recovery for injuries that are not expressly covered by the Act is not in line with its stated purpose and would contravene article 2, section 13 of the Arkansas Constitution.  *See id.*  In *Travelers*, we discussed Professor Larson's analysis of the exclusiveness defense, which states,

> If . . . the exclusiveness defense is a "part of the quid pro quo by which the sacrifices and gains of employees and employers are to some extent put in balance," it ought logically to follow that the employer should be spared damage liability *only when compensation liability has actually been provided in its place, or, to state the matter from the employee's point of view, rights of action for damages should not be deemed taken away except when something of value has been put in their place.*

*Travelers*, 329 Ark. at 343, 947 S.W.2d at 385–86 (emphasis added) (footnotes omitted) (quoting 6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 65.40, at 12–55 (1997)).

In this case, the Commission determined that Hendrix's claim was barred by section 11-9-702(2)(B) because his disease manifested itself more than three years after his last occupational exposure to asbestos. The three-year provision is a statute of repose, *not a statute of limitation*. A statute of repose is a statute of duration and provides a date upon which the action no longer exists, whether it has accrued by the date or not. It entirely cuts off an injured person's right of action before it even accrues. *Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003). While the majority recognizes that the three-year provision is not a statute of limitation, it proceeds to treat it as a statute of limitation throughout the opinion. I disagree with the majority's treatment of the three-year provision as a statute of limitation instead of a statute of repose. A statute of limitation bars an action when a claimant knows about his or her cause of action and waits too long to assert it. One cannot wait too long to assert a cause of action one does not know about. I do not buy into the majority's conclusion that lack of knowledge of a claimant's disease can be held against the claimant to take away his or her right to seek recovery.

*Black's Law Dictionary* defines "remedy" as "[t]he means of enforcing a right or preventing or redressing a wrong." *Black's Law Dictionary* 1485 (10th ed. 2014). In this case, Hendrix had no remedy under the Act because the Act provided him no means by which his injury could be redressed or compensated. Hendrix's right of action under the Act was cut off because his condition did not manifest itself within the three-year statute of repose. Any potential right that he may have had under the Act ceased to exist before his disease was discovered and his claim accrued.

The majority relies heavily on *Porocel Corp. v. Circiuit Court of Saline County*, 2013 Ark. 172, which is clearly distinguishable from the present case. In *Porocel*, we held that the worker had a remedy under the Act because he became disabled within three years of his last injurious exposure but lost his opportunity to recover because he did not file his claim within the one-year statute-of-limitations period. In this case, it was impossible for Hendrix to have a remedy under the Act. *Id.* The worker in *Porocel* lost his remedy because he failed to file a claim within the prescribed time. The same is not true here. Hendrix never had a remedy to lose.

It troubles me that the majority purports to be bound by strict construction of the Act and then goes on to assume what the legislature intended. In its opinion, the majority states,

> Mindful that we must strictly construe the provisions of the Act . . . . [I]t could not have been the intent of the General Assembly to absolve an employer of liability for worker's compensation after a period of time only to subject the employer to liability in tort after that period elapses. Any contrary holding would eviscerate the protection afforded by section 11-9-702(a)(2)(B) and defeat the legislative purpose for enacting the statute of repose.

Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. *See Sykes v. Williams*, 373 Ark. 236, 283 S.W.3d 209 (2008) (citing *Hapney v. Rheem Mfg. Co.*, 341 Ark. 548, 26 S.W.3d 771 (2000)). Section 11-9-702(a)(2)(B) does not say a single word about what happens after three years. It simply says that, using strict construction, the worker cannot recover in workers' compensation after three years. The legislature has said that the statute shall be strictly construed. The majority cannot strictly construe the provisions of the Act and at the same time speculate about the legislature's intent, and the majority contradicts itself by doing so.

The majority holding deprives workers whose injuries and diseases do not manifest themselves during the three-year statute of repose of a remedy, essentially allowing employers to escape liability under both the Act and in common-law tort actions. This conclusion violates the quid pro quo and disrupts the balance between employers' and employees' interests. *See* Larson § 640, at 22. Moreover, it contradicts the original purpose of the Act and article 2, section 13 of the Arkansas Constitution.

In conclusion, the majority conveys sympathy to the estate in this harmful and unfair outcome but essentially claims that it is helpless when it comes to the legislature in this situation. While the majority attempts to hide behind and shift blame to the General Assembly for its holding, it is clear from our case law *and our constitution* that a worker whose injury is not covered by the Act is not precluded from filing a claim in tort against his employer. *See Automated Conveyor Sys.*, 362 Ark. 215, 208 S.W.3d 136. As stated previously, the legislature has certain powers but not the power to take away a person's constitutional rights. This court is not as helpless as the majority claims. The Act did not provide Hendrix with a remedy. Therefore, his only remedy was pursuant to a common-law civil action. For the reasons stated above, I would reverse the circuit court's ruling granting Alcoa's motion to dismiss.

BAKER and HART, JJ., join in this dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** Under the facts of this case, the Arkansas Workers' Compensation Act (the "Act") did not cover the asbestos-related disease, mesothelioma, that caused Guy D. Hendrix's death. Thus, the estate's only recourse was to

SLIP OPINION

bring a cause of action in circuit court. Accordingly, I respectfully dissent from the majority's decision to affirm the circuit court's dismissal of the lawsuit filed by his estate.

The Act provides that one of the "primary purposes of the workers' compensation laws [is] to pay timely temporary and permanent disability benefits to all legitimately injured workers who suffer an injury or disease arising out of and in the course of their employment." Ark. Code Ann. § 11-9-101(b) (Repl. 2012). We have further held that "[it] is clear from our case law and our constitution that a worker whose injury is not covered by the [Act] is not precluded from filing a claim in tort against his employer." *Automated Conveyor Sys. v. Hill*, 362 Ark. 215, 218, 208 S.W.3d 136, 139 (2005).

Arkansas Code Annotated section 11-9-702(a)(2)(B) provides that "a claim for compensation for disability on account of . . . asbestosis must be filed with the commission within one (1) year after the time of disablement, and the disablement must occur within three (3) years from the date of the last injurious exposure to the hazard of . . . asbestosis." Under the facts of this case, Hendrix's disablement did not occur within three years of the last injurious exposure. The question then is whether the Act "covered" Hendrix's disablement.

In its analysis, the majority readily acknowledges that section 11-9-702(a)(2)(B) is a statute of repose. The majority, however, does not consider the import of its conclusion. To understand how a statute of repose works, it may be compared to a statute of limitations. A cause of action accrues the moment the right to commence an action comes into existence. *Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 216, 114 S.W.3d 189, 198 (2003). A statute of limitations commences to run from the time the

SLIP OPINION

cause of action accrues and the right to commence an action comes into existence. *Id.*, 114 S.W.3d at 198. A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an existing cause of action. *Id.* at 218, 114 S.W.3d at 199. A statute of limitations allows a party to avoid suit and avoid paying benefits, even claim is valid. *Id.*, 114 S.W.3d at 199. In the case at bar, there is no allegation that Hendrix was at fault because of some failure to satisfy a statute of limitations.

In *Porocel Corp. v. Circuit Court of Saline County*, 2013 Ark. 172, a statute of limitations operated to bar the remedy available from an existing cause of action. To recover, the employee in *Porocel* first had to show his time of disablement occurred within three years from the date of the last injurious exposure; second, the employee had to show that his claim for compensation was filed within one year after the time of disablement. There, the employee's time of disablement was within three years of his last injurious exposure and thus covered under the Act. However, while he had a remedy under the Act, he failed to avail himself of the remedy when he did not file his claim within the one-year statute-of-limitations period. Thus, the one-year statute of limitations barred his remedy.

In contrast, a statute of repose is a statute of duration, and it provides a date upon which the action no longer exists, whether the action has accrued by that date or not. *Id.* at 217, 114 S.W.3d at 199. It entirely cuts off an injured person's right to a cause of action before it even accrues. *Id.* at 217, 114 S.W.3d at 199. Once the period of duration under a statute of repose has expired, there is no suit to avoid because it extinguishes the cause of action. *Id.* at 218, 114 S.W.3d at 199. Whether or not an injury has occurred has no effect

19

SLIP OPINION

on a statute of repose, because it eliminates a cause of action altogether after the passage of the prescribed period. *Id.* at 220, 114 S.W.3d at 201.

The statute at issue here operates as a statute of repose. Thus, under this statute of repose, the Act covers a claim if the disablement resulted within three years from the date of the last injurious exposure. A worker whose disablement did not occur within three years from the date of the last injurious exposure, however, would not have a claim covered by the Act because the claim was extinguished by the Act before it ever accrued.

In the case at bar, Hendrix never had a claim covered by the Act. First, because his disablement did not occur within three years from the date of the last injurious exposure, his cause of action did not accrue so that he could bring his claim under the Act. Second, when the disablement occurred more than three years from the date of the last exposure, the cause of action then accrued, but it had already been extinguished under the Act by the statute of repose before it accrued. Accordingly, because the claim was extinguished before it accrued, Hendrix never had a claim that was covered by the Act. Thus, his only option was to pursue a cause of action in circuit court.

As this court has stated in *Automated Conveyor Systems*, it is clear from our case law and our constitution that a worker whose injury is not covered by the Act is not precluded from filing a claim in tort against his employer. *Automated Conveyor Sys.*, 362 Ark. at 218, 208 S.W.3d at 139 (noting that "Article 2, section 13 of the Arkansas Constitution states, 'Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character.'"). Certainly, there is no language in Arkansas Code Annotated section 11-9-702(a)(2)(B) to suggest that the General Assembly intended

to deny employees redress at common law or limit employers' common-law defenses when the Act provides no coverage.

In fact, Hendrix's position is analogous to that of the employee in *Automated Conveyor Systems*.[1] There, the employee suffered a gradual-onset neck injury, which the administrative law judge found was not compensable because the Act covered only those gradual-onset neck injuries that were caused by rapid and repetitive motion, and not gradual-onset neck injuries caused by repetitive, but not rapid, work duties. The employee brought a negligence lawsuit in circuit court, and the employer filed a petition for writ of prohibition with this court, citing Arkansas Code Annotated section 11-9-105(a) and arguing that the Act was the sole and exclusive remedy for such claims. After noting that "nothing in our case law suggests that a worker whose injury is not covered by the [Act] has no remedy at law," we held that "a worker whose injury is not covered by the [Act] is not precluded from filing a claim in tort against his employer." *Automated Conveyor Sys.*, 362 Ark. at 218, 208 S.W.3d at 138–39. Further, after noting that section 11-9-101(b) states that the purpose of the Act is to provide benefits to workers who suffer injuries in the scope and course of their employment, this court stated, "An interpretation of the [Act] that would disallow any right of recovery for injuries that are not expressly covered by the Act is not in line with its stated purpose and, in addition, would contravene Article 2, section 13 of the Arkansas Constitution." *Id.* at 219, 208 S.W.3d at 139.

---

[1]The majority's analysis of that case is remarkably general and fails to focus on important aspects of the court's holding.

I note that while, generally, the Act covered neck injuries in Automated Conveyor Systems, the Act did not cover the employee's particular gradual-onset neck injury, and thus the employee was allowed to bring a lawsuit in circuit court. Analogously, the Act generally covers occupational diseases, but in the case of asbestos-related diseases, only those where the claim accrues within three years from the date of the last injurious exposure. However, Hendrix's claim, which did not accrue within three years from the date of the last injurious exposure, was not covered by the Act because Hendrix never had a claim under the Act. Thus, the Act did not cover Hendrix's occupational disease.

The sum total of the majority's analysis is that "the Act in general covers occupational diseases, and it specifically provides coverage, and thus a remedy, for asbestos-related claims," and accordingly "the claim falls within the coverage formula of the Act, even though Hendrix was ultimately denied recovery on the ground that the claim was time-barred." This reasoning, however, is flawed. Clearly, Hendrix never had a claim covered by the Act because it did not accrue until after coverage under the Act had been extinguished. Furthermore, the majority's reasoning that the Act in general covers occupational diseases and thus a remedy for asbestos-related claims is contrary to *Automated Conveyor Systems* and fails to recognize that coverage under the Act is limited to asbestos-related diseases where the disablement occurred within three years from the date of the last injurious exposure to the hazard of asbestos.

Here, the majority apparently has confused this case with more common cases such as those where the Act covered the injury and provided a remedy but recovery was denied

because, as in *Porocel*,[2] the claim was not brought within the time period set out by the statute of limitations contained in the Act. Thus, Hendrix's estate is not precluded from bringing a cause of action in circuit court.

Remarkably, even the majority recognizes that the "result smacks of unfairness, particularly when it is well known that the disease of mesothelioma has a long latency period." The majority, knowing that the long latency period is from twenty to forty years, then attempts to absolve itself of this unfair result and concludes that any criticism of the result "lies at the feet of the General Assembly." The unfairness of this result, however, lies squarely on the shoulders of the majority, which has failed to properly interpret our case law, the Act, and the Arkansas constitution. As one court addressing this issue has stated,

> Indeed, the consequences of Employers' proposed interpretation of the Act to prohibit an employee from filing an action at common law, despite the fact that employee has no opportunity to seek redress under the Act, leaves the employee with no remedy against his or her employer, a consequence that clearly contravenes the Act's intended purpose of benefitting the injured worker. It is inconceivable that the legislature, in enacting a statute specifically designed to benefit employees intended to leave a certain class of employees who have suffered the most serious of work-related injuries without any redress under the Act or at common law.

*Tooey v. AK Steel Corp.*, 81 A.3d 851, 864 (Pa. 2013). It is inconceivable to suggest, as the majority holds, that the General Assembly intended to leave Hendrix and similarly situated employees without any redress at common law. As stated in *Travelers Insurance Company v. Smith*, 329 Ark. 336, 343, 947 S.W.2d 382, 385-86 (1997) (citing Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 65.40, at 12–55 (1997) (footnotes omitted)),

> If . . . the exclusiveness defense is a "part of the *quid pro quo* by which the sacrifices and gains of employees and employers are to some extent put in balance," it ought

---

[2]In fact, the majority cites *Porocel*—a statute-of-limitations case—as controlling here.

logically to follow that the employer should be spared damage liability only when compensation liability has actually been provided in its place, or, to state the matter from the employee's point of view, rights of action for damages should not be deemed taken away except when something of value has been put in their place.

There must be a *quid pro quo*. If the cause of action accrues within three years, then the employee may bring a claim under the Act, and the employer is entitled to the defenses it may have under the Act. If the cause of action does not accrue within three years, then the Act does not cover the claim, and the employee may bring a cause of action in circuit court. In that situation, the employer is entitled to the defenses he may have at common law, including bringing third parties into the lawsuit whose fault may be greater. As it will be now, while most of the citizens who were not employees but were exposed to asbestos— for instance, independent contractors who provided services for employers—may sue in circuit court for asbestos-related injuries that do not occur within three years from the date of the last injurious exposure to the hazard of asbestosis, the employees of Arkansas may not. The majority has chosen to deny this man and his family the constitutional guarantee found in article 2, section 13 of the Arkansas Constitution, which provides that "[e]very person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws." Where a statute is open to two constructions, one of which will render it unreasonable and unconstitutional, while the other will harmonize with reason, justice, and constitutional prescriptions, the latter construction will be adopted. *Stuart v. Elk Horn Bank & Trust Co.*, 123 Ark. 285, 291, 185 S.W. 263, 265 (1916). The majority has chosen an unreasonable and unconstitutional construction of Arkansas Code Annotated section 11-9-702(a)(2)(B).

I am compelled to respectfully dissent.

DANIELSON and BAKER, JJ., join in this dissent.

*Simmons Hanly Conroy*, by: *William Kohlburn*; *Odom Law Firm, P.A.*, by: *Russell Winburn*; and *Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Hawkins Parnell Thackston & Young LLP*, by: *H. Barret Marshall, Jr.*; and *Wright, Lindsey & Jennings LLP*, by: *Rodney P. Moore* and *Michael A. Thompson*, for appellee Alcoa Inc.

*Friday, Eldredge & Clark, LLP*, by: *Robert S. Shafer* and *Guy Alton Wade*, for amici curiae Arkansas State Chamber of Commerce and Associated Industries of Arkansas, Inc.

*Worley, Wood & Parrish*, *P.A.*, by: *Jarrod S. Parrish*, for amicus curiae Arkansas Self Insurers Association.

*David L. Pake*, for amicus curiae Death & Permanent Total Disability Trust Fund.