Cite as 2021 Ark. App. 66

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** E-20-211

| | |
|---|---|
| CHARLES FRED MARTIN<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, AND<br>ARKANSAS DEMOCRAT GAZETTE,<br>INC.<br><div align="right">APPELLEES</div> | **Opinion Delivered:** February 10, 2021<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2020-BR-00822]<br><br><br><br><br>REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

Appellant Charles Fred Martin appeals from an order by the Arkansas Board of Review (Board) finding that he was disqualified from receiving benefits under Arkansas Code Annotated section 11-10-517(1) (Supp. 2019) from April 12, 2020, through July 4, 2020, in favor of appellees, the Director of the Department of Workforce Services (the Agency) and the Arkansas Democrat Gazette, Inc. (the Gazette). On appeal, appellant does not challenge that he should be disqualified from benefits for the number of weeks following the final date of his employment in which he received severance payments. Instead, he argues that he should have been disqualified for a period of twelve weeks following his final date of employment, March 1, 2020. We agree and reverse and remand.

Appellant was employed by the Gazette. Appellant and the Gazette executed a severance agreement on February 25, 2020. The severance agreement stated that appellant's

final date of employment[1] was March 1, 2020, and the Gazette agreed to pay appellant $27,243.24 for twelve weeks of severance pay.[2]

Appellant filed an initial claim for benefits.  In the application, appellant stated that his last date of employment was March 1, 2020.  The Gazette responded to appellant's claim for benefits and agreed that the appellant's final date of employment was March 1, 2020.  The Gazette further advised the Agency that it entered into a severance agreement with appellant wherein it paid appellant $27,243.24 in severance pay.  The Gazette's response contains the following question and answer: "7. C. Question:  What is the number of weeks of wages represented by these payments?  Answer:  12 weeks."  The Agency was provided with a copy of the severance agreement.

The Agency found that appellant was disqualified from benefits for a period of eighteen weeks because the Gazette paid appellant severance pay.  The Agency did not explain how it arrived at eighteen weeks instead of the twelve weeks specifically set forth in the severance agreement.  Specifically, the Agency stated that appellant was disqualified beginning April 12, 2020, through July 4, 2020 (a period that calculates to eighteen weeks from his date of employment).  Appellant appealed that decision to the Tribunal.

---

[1]The severance agreement uses the phrase "final date of employment."  The forms provided by the Division of Workforce Services use the phrase "last date worked."  The applicable statute uses the phrase "date of separation."  This opinion uses each of these phrases in proper context and does not draw any distinction in the use of any of these phrases.

[2]The severance agreement uses the phrase "severance pay."  The forms provided by the Division of Workforce Services use the phrase "severance pay" or "dismissal pay."  The applicable statute uses the phrase "separation pay."  This opinion uses each of these phrases in proper context and does not draw any distinction in the use of any of these phrases.

At the Tribunal appeal hearing, both the appellant and Broderick Daniels, the Gazette human resource manager, testified that the severance agreement specifically provided that the $27,243.24 paid to appellant represented twelve weeks of average weekly pay.

The Tribunal affirmed the Agency's decision and made the following relevant findings:

> The law stated that the employer shall specify the total amount of separation pay and the number of weeks of wages represented by the separation pay. In the case at hand, the employer stated in the signed written agreement, the claimant separation pay represents 12 weeks of wages. Although the Agency determination stated that the claimant was disqualified for 18 weeks, the actual weeks listed on the determination was 12 weeks (April 12, 2020 through July 4, 2020). *Therefore, the claimant shall be disqualified for 12 weeks of benefits. . . . The claimant shall be disqualified from April 12, 2020 through July 4, 2020.*

(Emphasis added.)

Appellant timely appealed the decision to the Board. In his notice of appeal, appellant argued that the Tribunal's decision was contradictory. On the one hand, the Tribunal's order states that appellant was disqualified for twelve weeks; then, on the other hand, the Tribunal's order then disqualifies appellant for eighteen weeks. The Board affirmed the Tribunal's decision of an eighteen-week disqualification without any explanation. The Board repeats the contradictory finding of the Tribunal. The Board finds that the appellant is disqualified for twelve weeks and then orders the appellant to be disqualified for eighteen weeks. This appeal followed.

On appeal, appellant argues that he should be disqualified from receiving benefits for only twelve weeks from his date of separation instead of the eighteen weeks as calculated by the Board. We agree.

3

The correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *See Worsham v. Dir.*, 2016 Ark. 146, 489 S.W.3d 162. The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the drafting body. *Id.* In reviewing issues of statutory interpretation, we first construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id.*

Here, the Board based its decision on Arkansas Code Annotated section 11-10-517(1), which provides the following:

(1) SEPARATION PAYMENTS.

(A) For initial claims made on and after January 1, 2018:

(i)*(a)* Separation payments are disqualifying for the number of weeks *following the date of the separation* that equals the number of weeks of wages received in the separation payment.

*(b)* An armed services severance payment paid to a former member of the United States Armed Forces shall not be disqualifying under the terms of this section.

*(c)* Remuneration paid as back pay in settlement of a claim or grievance and supplemental unemployment benefits shall not be disqualifying; and

(ii)*(a) The employer shall specify the total amount of separation pay and the number of weeks of wages represented by the separation pay.*

*(b)* If the employer does not specify the number of weeks under subdivision (1)(A)(ii)*(a)* of this section, the Division of Workforce Services shall allocate the separation pay using the claimant's average weekly wage.

(B) For the purposes of subdivision (1)(A) of this section, a partial week of separation pay shall be treated as a payment for a full week of separation[.]

(Emphasis added.)

Here, the severance agreement stated that appellant's last date of employment was March 1, 2020, and specified that the Gazette was paying appellant twelve weeks of severance pay. The Board does not explain why it used July 4, 2020, as the end of the disqualification period. By using July 4, 2020, as the end of the disqualification period, the Board effectively disqualified appellant for eighteen weeks instead of twelve weeks. In light of these undisputed facts and applying section 11-10-517(1), appellant's disqualification period is twelve weeks from the final date of employment. Thus, we must reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

ABRAMSON and VIRDEN, JJ., agree.

*Charles Fred Martin*, pro se appellant.

*Cynthia Uhrynowycz*, for Director of Division of Workforce Services.