Phillip T. Whiteaker, Judge, dissenting.
I respectfully disagree with the majority opinion in its conclusion that the appellee companies are entitled to immunity under our workers'-compensation statutes. I see the issue quite narrowly: is a passive investor/stockholder entitled to the exclusive-remedy protection provided by the Arkansas Workers' Compensation Act? For the following reasons, my answer to this issue is no.
I. The Arkansas Workers' Compensation Act Does Not Grant Exclusive-Remedy Protection to a Passive Investor/Stockholder
This case involves purely an issue of statutory construction. Here, the Worker's *306 Compensation Commission interpreted the Act as granting exclusive-remedy protection to passive investors/stockholders. As pointed out in the majority opinion, the interpretation of a statute by an agency charged with its execution is highly persuasive upon the appellate courts. See Brigman v. City of W. Memphis , 2013 Ark. App. 66, at 2-3. We, however, have consistently held that the correct interpretation and application of an Arkansas statute is a question of law for us to decide de novo. St. Edward Mercy Med. Ctr. v. Howard , 2012 Ark. App. 673, 424 S.W.3d 881. Thus, while the interpretation of the workers'-compensation statute by the Commission is highly persuasive, it is not binding on this court and can be overturned if it is clearly wrong. Brigman , supra. I believe that the Commission's interpretation of Arkansas Code Annotated section 11-9-105(a) (Repl. 2012) was clearly wrong.
Arkansas Code Annotated section 11-9-105(a) is the exclusive-remedy provision applicable to workers'-compensation matters. It provides:
(a) The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a co-employee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.
(Emphasis added.)
When we construe the workers'-compensation statutes, we must strictly construe them. Hendrix v. Alcoa, Inc. , 2016 Ark. 453, 506 S.W.3d 230. Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. Id. The doctrine of strict construction requires this court to use the plain meaning of the language employed. Id.
As I read this statute, there are three potential classes of persons or entities that are entitled to immunity: (1) the employer; or (2) any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer; or (3) a prime contractor of the employer. Here, without question, the appellee corporations do not fit into the first class (i.e., they are not the employer), nor do they fit into the third class (i.e., they are not a prime contractor of the employer). As I will further explain, I do not believe that they fit into the second class either.
The parties stipulated that the appellees are both principals and stockholders of the employer, ASA. Holding these positions, they could fall within the second category of persons and entities who are entitled to immunity, but only if they are acting in their capacity as an employer.
Our standard of review requires us to construe the statute strictly and narrowly. Following this standard, I narrowly interpret the qualifier "acting in his or her capacity as an employer" to be applicable to all entities within the second category, including principals and stockholders. The majority opinion concludes that the qualifier "acting in his or her capacity as an *307 employer" applies only to the role of partner and not to the roles of principals or stockholders. I disagree and believe that this interpretation improperly enlarges the category of persons entitled to such immunity in contravention of our standard of review. Thus, I conclude that by the plain language of the statute, "principals" and "stockholders" enjoy the exclusive-remedy provisions of the workers'-compensation statutes only when they are "acting in his or her capacity as an employer" and not when they are acting as passive investors/stockholders.
II. Substantial Evidence Does Not Support the Commission's Finding that the Appellees Were Acting in Their Capacity as the Claimant's Employer at the Time of the Compensable Injury
The Commission had these undisputed facts before it: (1) the appellee corporations' relationship with the employer, ASA, was strictly one of principal and stockholder and then only in an investment capacity; (2) the appellee corporations have no employer-related relationship to the deceased nor did they perform any employer-related functions as to him; and (3) the appellee corporations were merely the owners and investors of the company that employed the claimant. Based on this, I agree with the administrative law judge: the appellee corporations are not "acting in [their] capacity as an employer" within the plain meaning of the language of the statute. Consequently, they are not entitled to the exclusive-remedy provision.
In short, the Workers' Compensation Commission has jurisdiction only over employers; all other negligence claims fall under circuit court jurisdiction. Thus, unless principals and stockholders are actively engaging in actions as an employer, they are not entitled to immunity under our workers'-compensation statutes and can be subject to suit in circuit court. That does not mean, however, that they will automatically be subject to liability in circuit court. Like all other principals and shareholders, principals and shareholders of corporate employers are provided protection from civil liability by virtue of the corporate form, and liability will arise only if the plaintiff can prove that he or she is entitled to pierce the corporate veil. That determination should be made in the circuit court, not by the Commission.
As I believe the appellee corporations are not employers for purposes of section 11-9-105(a), I find it unnecessary for us to reach the second constitutional issue before us.